844 F.2d 318
 Johnny HAWTHORNE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; United
States Department of Labor; Benefits Review
Board; and American Shipbuilding
Company, Respondents.
 No. 87-3180.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 16, 1988.
Decided April 11, 1988.
 
 Esther S. Weissman (argued), Cleveland, Ohio, for petitioner.
 Michael S. Hertzig, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondents.
 Anthony B. Giardini (argued), Bradley & Giardini Co., L.P.A., Lorain, Ohio, for American Shipbuilding Co.
 Before KEITH, MARTIN and RYAN, Circuit Judges.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 Johnny Hawthorne appeals the decision of the Benefits Review Board on December 31, 1986 denying his application for additional benefits under the Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901, et seq. The single issue raised on appeal is whether Hawthorne was inadequately compensated during the period that he received temporary total disability benefits.
 
 
 2
 Jurisdiction is conferred upon this court by 33 U.S.C. 921(c), which provides that "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals." Hawthorne had contended before the Board that he was permanently disabled and that his average weekly wage had been erroneously computed. While Hawthorne was not as clear as could have been desired in showing that the two issues were separate, we believe that by asking that his weekly wage be recomputed, he could only have been referring to the manner in which it had been previously calculated for purposes of determining the amount of his temporary disability benefits. Thus, we believe Hawthorne may appeal the decision of the Board that it did not need to reach the issue of the proper average weekly wage earned by Hawthorne.
 
 
 3
 On May 5, 1980, Johnny Hawthorne was injured in the course of and arising out of employment as a laborer for the American Shipbuilding Company. Mr. Hawthorne sustained a fractured left clavicle when a steel wedge fell on his left shoulder while he was working in the cargo hull of a ship. He received temporary total disability benefits from May 6, 1980 through July 15, 1980. Mr. Hawthorne's average weekly wage was set at $168.98, and his benefits were computed, based on that figure, at $112.66 per week.
 
 
 4
 Mr. Hawthorne then requested that his average weekly wage be re-computed, and he also sought benefits for a percentage of permanent partial disability. As a result of the accident, Mr. Hawthorne claims to have suffered permanent weakness and loss of mobility in his left shoulder. On April 14, 1983, the administrative law judge issued a decision and order denying benefits for a percentage of permanent partial disability. The issue concerning the computation of Mr. Hawthorne's average weekly wage was not addressed. On December 31, 1986, the Benefits Review Board affirmed the decision of the administrative law judge denying Hawthorne's claims. The Board indicated that it need not address the issue of Mr. Hawthorne's average weekly wage as it was affirming the administrative law judge's finding that Hawthorne was not permanently disabled. Hawthorne has not appealed the decision of the Board denying his claim for permanent partial disability. He does appeal the decision with regard to the recomputation of his average weekly wage.
 
 
 5
 The Longshoreman's and Harbor Workers' Compensation Act provides that the amount of weekly disability compensation shall be based upon the average weekly wage of the injured worker. The parties to this dispute agree that 33 U.S.C. Sec. 910(c) must be used to calculate Hawthorne's average annual earnings.
 
 Section 910(c) provides:
 
 6
 If either of the foregoing methods of arriving at the average annual earnings of the injured employee cannot reasonably and fairly be applied, such average annual earnings shall be such sum as having regard to the previous earnings of the injured employee in the employment in which he was working at the time of the injury, and of the other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, or other employment of such employee, including the reasonable value of the services of the employee if engaged in self-employment shall reasonably represent the annual earning capacity of the injured employee.
 
 
 7
 33 U.S.C. Sec. 910(c). During the previous year, Hawthorne had earned the sum of $9,062.47 over an eight to nine month period prior to his injury. Hawthorne argues that this figure does not accurately and fairly approximate his annual earning capacity because it does not take into account time lost in the year prior to the injury on account of a strike. Defendants do not deny that average weekly wages may be adjusted for time lost due to a strike. For example, in Toraiff v. Triple A Machine Shop and Holland-American Insurance Co., 1 BRBS 465 (1975), the Board held that a computation under section 910(c) was an unfair approximation of probable future earning capacity where a claimant's earnings during the year prior to disability were abnormally low due to a strike. We agree. We also agree with the observation of the Seventh Circuit that "[i]t is manifest that the plain objective of Section 10(c) was to insure that compensation awards would be based on accurate assessments of the claimant's earning capacity." Tri-State Terminals, Inc. v. Jesse, 596 F.2d 752, 756 (7th Cir.1979).
 
 
 8
 Accordingly, we hold that $9,062.47 does not accurately reflect Hawthorne's annual earning capacity. We believe it is necessary to divide the actual earnings of $9,062.47 by the number of weeks worked by Hawthorne the year prior to his injury. This number should then be multiplied by the number of weeks Hawthorne was on strike to show what he would have earned but for the strike during that period. This figure, when added to the $9,062.47 earned before the strike, generates a fair approximation of Hawthorne's annual earnings capacity pursuant to Sec. 910(c). This final figure should then be divided by 52, pursuant to Sec. 910(d), which mandates that "the average weekly wage of an employee shall be one fifty-second part of his average annual earnings," to derive Hawthorne's average weekly wage. The amount of benefits owed Hawthorne are derived from this figure. We believe Sec. 910(c) requires that claimants be allowed to offer evidence as to what they earned or would have earned but for periods of involuntary non-work, such as labor strikes. Only by doing so can an employee be fairly compensated for injuries suffered on the job.
 
 
 9
 We reject defendants' argument that, by definition, the average weekly wage of an employee is not a precise figure and that, because the amount paid to Hawthorne was substantially equal to his average weekly wage, no further payments should be paid him. We believe Hawthorne is entitled to collect all that he was due. That Hawthorne was only slightly undercompensated does not justify a contrary result.
 
 
 10
 Because we believe that the administrative law judge incorrectly calculated Hawthorne's average weekly wage by failure to consider what Hawthorne would have earned during the period of the strike, we remand. Accordingly, we direct the administrative law judge to properly calculate Hawthorne's average weekly wage pursuant to the above guidelines, with any amount determined to be owed him for his period of temporary disability ordered to be paid.
 
 
 11
 RYAN, Circuit Judge (dissenting).
 
 
 12
 I must respectfully dissent from the decision reached in this case because it appears to me the court decides a matter it is without authority to address.
 
 
 13
 It is the settled law of this circuit that a petitioner, claiming to be aggrieved by the decision of an administrative agency, may not appeal to this court issues that were not raised in the agency adjudicative process. Blevins v. Director, Office of Workers' Compensation, 683 F.2d 139 (6th Cir.1982); Cox v. Benefits Review Board, 791 F.2d 445 (6th Cir.1986). Those familiar authorities preclude judicial review of the decision of an administrative agency when the claimant's administrative remedies have not been exhausted. That is precisely the case in the matter before us.
 
 
 14
 Because the petitioner here did not raise, either before the Administrative Law Judge or the Benefits Review Board, any claim relating to the computation of his average weekly wage for purposes of computing his entitlement to benefits for temporary total disability, he has not exhausted his administrative remedies and this court may not, under our decisions, decide the question for the first time on appeal.
 
 
 15
 After the petitioner was injured on the job, he filed a claim for temporary total disability benefits and he was paid $112.66 a week from the date of the accident until he returned to his job as a laborer on August 11, 1980. All of his medical expenses were paid as well. He then filed a claim for permanent partial disability benefits. That claim was denied in a decision and order by an Administrative Law Judge who held that the petitioner failed to prove that he had suffered a permanent partial disability. The petitioner then appealed to the Benefits Review Board the administrative law judge's refusal to award benefits for permanent partial disability and argued, in section II of his Brief in Support of Petition for Review, that "when computing his permanent partial disability payments, the Benefits Review Board should properly follow the method prescribed by section 10, subsection (c) of the [Longshoreman's and Harbor Workers' Compensation Act]." (Emphasis added.) The petitioner made no claim before the Review Board, as he had not before the Administrative Law Judge, that the temporary total disability benefits he had received had been improperly calculated.
 
 
 16
 The Benefits Review Board affirmed the decision of the ALJ, holding:
 
 
 17
 We therefore affirm the administrative law judge's finding that claimant is not disabled due to his work-related injury.
 
 In a footnote, the Board observed:
 
 18
 Because we affirm the administrative law judge's finding that claimant is not disabled, we need not address claimant's contention regarding the calculation of his average weekly wage.
 
 
 19
 Obviously the Board had reference to the petitioner's claim in section II of his brief relating to the correct computation of his "permanent partial disability payment...."
 
 
 20
 Now, before this court, the petitioner has raised, for the first time, the claim that the Department of Labor erred in its calculation of the temporary total disability benefits petitioner received from May 6, 1980, through July 15, 1980. Obviously he is not appealing any decision of the Administrative Law Judge or of the Benefits Review Board because he did not raise, before those adjudicators, any issue relating to the correct calculation of the temporary disability benefits he received, and they made no decision on that matter. That issue not only has not been exhausted below, it has not even been raised below.
 
 
 21
 While the majority has the power to decide the issue it decides today, I think it does not have the authority to do so in light of the binding precedent of Blevins and Cox.