**TODD SHIPYARDS CORPORATION,**
Aetna Casualty and Surety
Company, Petitioners,

v.

**DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,**
Melvin Watts, Respondents.

No. 90–70139.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 1991.

Decided Dec. 6, 1991.

**608**

Yvette A. Boehnke, Samuelsen, Gonzalez, Valenzuela & Sorkow, San Pedro, Cal., for petitioners.

James M. McAdams, Magana, Cathcart, McCarthy & Pierry, Wilmington, Cal., for respondents.

Before BROWNING, ALARCON and T.G. NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Todd Shipyards Corporation (Todd) and Aetna Casualty and Surety Company (Aetna) appeal from the decision of the Benefits Review Board of the Department of Labor (Benefits Review Board). The Benefits Review Board awarded attorneys' fees to Todd's employee, Melvin Watts (Watts), pursuant to Section 28(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928(b).

We must decide whether Section 928(b) authorizes the Benefits Review Board to award attorneys' fees for legal services performed prior to the issuance of a written recommendation following an informal conference to resolve a controversy over the amount of additional compensation. We conclude that Section 928(b) does not authorize the payment of attorneys' fees for services performed by a claimant's attorney, unless the record shows that the employer or carrier refused to accept the written recommendation of the claims examiner following an informal conference.

Todd stipulated to pay all the benefits sought by Watts at the informal conference. We reverse and remand the award of attorneys' fees under Section 928(b). We express no view regarding whether attorneys' fees can be awarded in this matter pursuant to Section 928(a).

## I

## PERTINENT FACTS

Watts was employed by Todd on May 18, 1984. He was injured on that date while working on ship construction as a sheet metal mechanic. On May 22, 1984, Todd voluntarily began paying temporary disability benefits in the amount of $351.30 per week.

On October 15, 1984, Watts filed a claim for total permanent disability benefits through his union representative, Frank Guillen. On the same date, Watts filed a form for the appointment of Guillen as his representative.

Todd and Aetna filed a Notice of Controversion on October 17, 1984, in which they challenged the nature and extent of Watts' disability, required medical treatment and average weekly wages. Notwithstanding the filing of the Notice of Controversion, Todd continued to pay total disability benefits.

On December 4, 1984, Watts notified the Deputy Commissioner of the Department of Labor (Deputy Commissioner) that he had substituted the law firm of Magana, Cathcart, McCarthy & Pierry as his representative in place of his union representative. On August 9, 1985, Todd filed a petition with the Department of Labor requesting an informal conference on the nature and extent of Watts' disability. Watts' attorney also requested an informal conference on October 28, 1985.

An informal conference was held before a Department of Labor claims examiner on February 26, 1986. During the conference, Todd agreed that Watts was entitled to permanent and total disability benefits. Todd prepared a stipulation to be submitted to the claims examiner by both parties setting forth Watts' entitlement to permanent and total disability benefits. At first, Watts' attorney refused to sign the stipulation because it did not include a statement that Watts was entitled to attorneys' fees. This impasse was resolved on January 30, 1987, when both parties agreed to submit the question of Watts' entitlement to attorneys' fees for services rendered to the Deputy Commissioner prior to the termination of the informal conference.

On March 2, 1987, the Deputy Commissioner awarded Watts $5,000 in attorneys' fees. The March 2, 1987, order states that Watts had been "adequately compensated for all periods of temporary disability." The Deputy Commissioner also awarded Watts an additional $1,315.74, because Todd had failed to make cost-of-living adjustments from the date of injury. No issue was raised prior to the informal conference concerning the cost-of-living adjustments. Todd did not controvert or refuse to pay cost-of-living adjustments. The

computational error was discovered by the Deputy Commissioner's staff.

Todd filed a timely appeal from the Deputy Commissioner's award of attorneys' fees to the Benefits Review Board. The Benefits Review Board stated that attorneys' fees were proper under Section 928(b) because Todd "did not stipulate that claimant is permanently and totally disabled until the informal conference." The Benefits Review Board also concluded that Watts was entitled to attorneys' fees because he had obtained additional benefits in the form of the cost-of-living benefits and future medical benefits in the successful prosecution of his appeal. The Benefits Review Board declined to consider whether the record would support an award of attorneys' fees under Section 928(a).

## II

## DISCUSSION

Todd and Aetna contend that an award of attorneys' fees was not authorized because they did not resist or decline to pay permanent total disability benefits after the informal conference. Indeed, Todd and Aetna stress that they actually went further and stipulated that an award be issued for permanent total disability benefits. Todd also argues that there was no controversy between the parties regarding whether Watts was entitled to a cost-of-living adjustment or future medical benefits. We must decide whether the Benefits Review Board correctly interpreted Section 928(b) and whether it properly applied the statute to the facts in this record.

Section 928(b) provides, in pertinent part: If the employer or carrier pays or tenders payment of compensation without an award ... and thereafter a controversy develops over the amount of additional compensation ..., the deputy commissioner or Board shall set the matter for an informal conference and ... shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or

tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation.... In all other cases any claim for legal services shall not be assessed against the employer or carrier.

■ Our review of the decision of the Benefits Review Board cases is limited. We must affirm unless the Board's decision is either unsupported by substantial evidence on the record considered as a whole or contrary to applicable law. *Director, Office of Workers' Comp. Programs v. Robertson*, 625 F.2d 873, 876 (9th Cir.1980).

■ We grant a high degree of deference to an agency's interpretation of the statutory provisions and regulations under its administration. *Oregon v. Bureau of Land Management*, 876 F.2d 1419, 1425 (9th Cir.1989). However, the courts are the final authorities on issues of statutory construction. *Id.* We must reject administrative constructions which are contrary to congressional intent. *Id.*

We have reviewed the entire record. The record supports Todd's argument that there was no dispute after the informal conference concerning the amount of compensation to be awarded. The only remaining dispute following the informal conference concerned whether Watts was entitled to attorneys' fees. This was the sole issue presented to the Deputy Commissioner for resolution.

■ Section 928(b) authorizes a payment of attorneys' fees only if the employer refuses to pay the amount of compensation recommended by the claims examiner following an informal conference. Under such circumstances, Congress has directed that the employer must pay attorneys' fees if the claimant is successful in obtaining a greater award than the employer offered to pay. The record shows that Todd conceded that Watts was entitled to permanent total disability benefits. Thus, Section 928(b) is inapplicable because Todd did not refuse to pay permanent total disability payments.

While we believe that the intent of Congress is clear from a plain reading of the words used in Section 928(b), the legislative history explains unequivocally the very limited scope of attorneys' fees awards under the statute.

A new provision is added dealing with cases where payment of compensation is tendered and an unresolved controversy develops about the amount of additional compensation, *despite the written recommendation of the deputy commissioner.* The provision directs an award of a reasonable attorney's fee ... *where the employer or carrier has refused to accept the recommendation....*

....

In all cases other than those specified above, attorneys' fees may not be assessed against the employer.

H.R.Rep. No. 92–1441, 92d Cong., 2d Sess. 3, *reprinted in* 1972 U.S.Code Cong. & Admin.News 4698, 4717 (emphasis added).

The Benefits Review Board's reliance on *National Steel and Shipbuilding Co. v. United States Dep't. of Labor*, 606 F.2d 875 (9th Cir.1979) is misplaced. In *National Steel*, we affirmed an award of attorneys' fees.

We explained as follows:

The purpose of [Section 928(b)] is to authorize the assessment of legal fees against employers in cases where the existence or extent of liability is controverted and the employee-claimant succeeds in establishing liability or obtaining increased compensation in *formal* proceedings in which he or she is represented by counsel.

*Id.* at 882 (emphasis added).

In this matter, there was no controversy concerning liability on the amount of compensation to be paid after the informal conference. These issues were resolved by Todd's concession and the parties' stipulation. Section 928(b) does not authorize the payment of attorneys' fees if the only unresolved issue is whether attorneys' fees awarded should be for services performed prior to the successful termination of the informal conference. That is the only issue that was left unresolved after the informal conference in this matter.

In this case, Watts concluded that he required the services of an attorney to protect his interests at the informal conference. In enacting Section 928(b), Congress has determined, however, that if an employer pays the benefits claimed by the employee, the employer will not be responsible for the payment of attorneys' fees, unless the employer rejects the written recommendation of the claims examiner following the informal hearing and the employee obtains additional benefits at a formal hearing before the Department of Labor. *See Kemp v. Newport News Shipbuilding*, 805 F.2d 1152, 1153 & n. 3 (4th Cir.1986) (Congress intended that disputes first be resolved without the parties having to rely on assistance other than that provided by the Department of Labor).

Our disposition of this petition for review of the award of the Benefits Review Board's decision is limited to the Board's determination that attorneys' fees were properly awarded under Section 928(b). We express no view regarding whether Section 928(a) would support an award of attorneys' fees under the circumstances in this case. Because Watts also sought attorneys' fees under Section 928(a), we remand for a resolution of that issue.

REVERSED AND REMANDED.