**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
<u>Petitioner,</u>

v.

No. 95-2286

KATHRYN STATON; DIRECTOR, OFFICE
OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
<u>Respondents.</u>

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
<u>Petitioner,</u>

v.

No. 96-1053

KATHRYN STATON; DIRECTOR, OFFICE
OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
<u>Respondents.</u>

On Petitions for Review of Orders of the
Benefits Review Board.
(91-116, 88-2979)

Submitted: September 30, 1996

Decided: November 1, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence P. Postol, SEYFARTH, SHAW, FAIRWEATHER & GER-
ALDSON, Washington, D.C., for Petitioner. Burt M. Morewitz, New-
port News, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case involves an award of attorney's fees for proceedings con-
ducted under the Longshore and Harbor Workers' Compensation Act,
33 U.S.C.A. §§ 901-950 (West 1985 & Supp. 1996). Below, the Ben-
efits Review Board (the "Board") found that the Employer, Newport
News Shipbuilding and Dry Dock Company, was liable for attorney's
fees under § 928(b). On remand, the District Director ordered the
Employer to pay $820 in attorney's fees and expenses. Subsequently,
the Board reduced the fee to $770 and awarded another $3,712.50 for
attorney's fees and expenses expended during the appellate process.
The Employer appeals the Board's decisions. Finding that the Em-
ployer never contested the claim within the meaning of § 928(b), we
reverse.

Clyde S. Staton, the initial Claimant, filed a claim for workers'
compensation benefits, alleging that he had been totally disabled by
asbestosis since October 1, 1970. The claim was accepted by his
employer, and the Deputy Commissioner of the United States Depart-
ment of Labor entered a stipulated Compensation Order on February
4, 1982. The order stated that Mr. Staton's average weekly wage was

2

$151.20 and that he was entitled to compensation at the rate of $70 per week for the rest of his life beginning on October 1, 1970.

After the entry of the compensation order, the only remaining issue was the Employer's request for "Section 8(f) relief." Under § 908(f) of the Act, an employer's liability is limited to 104 weeks of compensation. The remainder of the compensation is paid by the Special Fund, administered by the Secretary of the Treasury. See 33 U.S.C.A. § 944.

That issue was scheduled for a hearing in front of an Administrative Law Judge ("ALJ"). Before the hearing was held, Mr. Staton died. His widow, the Claimant herein, filed a death benefits claim. The Employer voluntarily started paying Claimant weekly death benefits of $36.75, the maximum under the Act in 1970, the date when Mr. Staton became disabled. However, the Employer took the position that the liability belonged to the Special Fund under § 8(f). Because a hearing on the workers' compensation benefits was already scheduled before the ALJ, the parties did not have an informal conference with the Deputy Commissioner regarding the death benefits.

Claimant asserted that she was entitled to weekly death benefits of $131.75 based on a 1972 amendment of the Act. The Employer took no position on the rate, responding that it was a question for the Special Fund to consider since the liability belonged to the Fund. After a hearing, the ALJ awarded Claimant the weekly death benefit that she sought and ordered the Special Fund to pay the benefits. In addition, the ALJ ordered that the Employer should pay permanent total compensation benefits based on a compensation rate of $151.20 from October 1, 1970 until May 3, 1983, the date of Mr. Staton's death. These payments were limited to 104 weeks under § 8(f) and the Special Fund was directed to pay the remainder. The ALJ also held that the Employer should pay the funeral expenses.

The Employer moved for reconsideration, noting that the ALJ had incorrectly quoted the stipulated average weekly wage as the compensation rate. The Employer also asserted that the funeral expenses were the responsibility of the Special Fund. Claimant agreed that the compensation rate was incorrect. The ALJ granted the Employer's motion

3

and corrected the compensation rate. However, the Employer's request for relief from the payment of funeral expenses was denied.

The Director appealed the calculation of the compensation rate, arguing that it should be higher under a 1972 amendment to § 910(f) of the Act. Neither the Employer nor the Claimant objected, but the Employer cross-appealed the assignment of funeral expenses. Claimant tried to enter the funeral expenses dispute, but the Board struck her brief, ruling that the dispute was between the Special Fund and the Employer, and that Claimant had no interest in who paid the bill.

The Board increased Claimant's compensation rate, which increased the liability of the Special Fund, but not the Employer. See 33 U.S.C.A. § 910(h)(2). In addition, the Employer's claim for reimbursement of funeral expenses by the Special Fund was denied.

Claimant filed a fee petition with the Deputy Commissioner seeking fees incurred after the date of Mr. Staton's death. The Deputy Commissioner denied the request without discussion. Claimant appealed, and the Board reversed, directing the Deputy Commissioner to award a fee against the Employer. The Board found that the "employer actively participated in the case and claimant ultimately obtained compensation exceeding what employer voluntarily paid." The Board also noted that the Employer contested liability on appeal for the funeral expenses.

On remand, the District Director, formerly the Deputy Commissioner, assessed attorney's fees against the Employer. The Employer then appealed to the Board which reduced the fee due to a mathematical error, but otherwise affirmed the District Director's order.

Claimant then filed a fee petition seeking fees for work before the Board. The Board again assessed a fee award against the Employer. This appeal followed.

Our review of a Board decision is limited. The Board's decision must be affirmed unless it is either unsupported by substantial evidence or contrary to applicable law. Todd Shipyards Corp. v. Director, Office of Workers' Compensation Programs, 950 F.2d 607, 610

4

(9th Cir. 1991). However, while an agency's interpretation of statutory provisions and regulations is entitled to deference, courts are the final authority on issues of statutory construction. Administrative constructions which are contrary to congressional intent must be rejected. Id.

In Holliday v. Todd Shipyards Corp., 654 F.2d 415, 418 (5th Cir. Unit A Aug. 1981), overruled on other grounds , Phillips v. Marine Concrete Structures, Inc., 895 F.2d 1033 (5th Cir. 1990), the Fifth Circuit noted that "[s]ection 28 does not provide for attorneys' fee awards in every case in which the claimant is successful." Where the employer has not contested the claim within the meaning of the statute, the claimant is not entitled to attorney's fees. Id. at 419. Such is the situation in this case.

Section 928(b) of the Act authorizes an attorney's fee award against an employer when the existence or extent of liability is controverted and the claimant succeeds in establishing liability or obtaining increased compensation. E.P. Paup Co. v. Director, Office of Workers' Compensation Programs, 999 F.2d 1341, 1354 (9th Cir. 1993); see also H.R. Rep. No. 1441, 92d Cong., 2d Sess. (1972), reprinted in 1972 U.S.C.C.A.N. 4698, 4706, 4717. In this case, the Employer never contested the existence or extent of liability. The Employer most emphatically and repeatedly stated that it did not contest the amount of compensation. Instead, the Employer asserted that it was not responsible for the payment of compensation because the Special Fund bore the liability for such benefits. Further, Claimant never disputed that the Special Fund was responsible, and the Board found that the Employer had correctly stated the Special Fund's liability. In addition, the Employer was never ordered to pay more workers' compensation benefits or death benefits than it initially voluntarily paid.

While the Board found that the Employer "actively participated" in the case, such is not the test under the statute. In addition, insofar as the Board's finding that the Employer contested liability for the funeral expenses is concerned, the Board itself prevented Claimant from intervening in the funeral benefits debate for lack of standing. It would therefore be illogical to award Claimant fees based on the Employer's litigation regarding the funeral benefits.

5

Because the Employer did not contest the claim within the meaning of § 928(b), we reverse the orders of the Board assessing fees against the Employer. We dispense with oral argument because the facts and contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED