116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GEORGE EKERSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Columbia
River Log Scaling Bureau; SAIF Corporation, Respondents.
 No. 96-70060.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997
Decided June 3, 1997.
 
 Before: BOOCHEVER, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Claimant George Ekerson obtained an award of permanent partial disability under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. He seeks legal fees for his appeal to the Benefits Review Board, which confirmed the disability award.
 
 
 3
 Under the fee-shifting provision of 33 U.S.C. § 928(b), an employer who disputes a recommendation of the Deputy Commissioner has 14 days in which to tender the amount it thinks it owes. If it does, and claimant appeals, the employer will be liable only for attorney fees based on the amount claimant gains from appealing. Tendering within 14 days provides the employer with "safe harbor."
 
 
 4
 Here, the employer concedes it did not comply with the provision. Instead, it asks us to "reject[ ] a strict interpretation of the statute[.]" Br. of Respondents at 4. In urging us to do so, it points to no case in which the 14-day requirement was waived. The words of the statute, which are unambiguous, prevail over respondents' statements of congressional intent.
 
 
 5
 The Board also concluded that $150 per hour was reasonable compensation for Ekerson's attorney. Appellant gives us no grounds to disturb this finding.
 
 
 6
 REVERSED.
 
 BOOCHEVER, Circuit Judge, Dissenting:
 
 7
 The Benefits Review Board, in a carefully drafted decision, denied Ekerson additional attorney fees incurred after October 7, 1991, the date on which the employer tendered payment in full for 22% impairment of each arm. We "must affirm unless the Board's decision is either unsupported by substantial evidence on the record considered as a whole or contrary to applicable law." Todd Shipyards v. Director, OWCP, 950 F.2d 607, 610 (9th Cir.1991).
 
 
 8
 Ekerson was awarded fees from April 2, 1981, a starting date not contested on this appeal, until October 7, 1991, when the employer tendered in full the amount Ekerson was entitled to.
 
 
 9
 Although the record presented to us contains no indication of an informal conference and Board recommendation, the parties at argument indicated that there was such a conference, and that the employer made no tender within 14 days. Assuming these representations to be true, it was for that reason that Ekerson was awarded attorney fees until tender of payment was made.
 
 
 10
 The majority apparently takes the position that when the employer fails to pay within 14 days, not only is the employee entitled to attorney fees until payment in full is tendered, but that somehow, after the employer does tender full payment, it remains liable to pay fees for any indefinite period during which the employee's counsel vainly seeks compensation beyond the full payment the employee already has been tendered.
 
 
 11
 The majority cites nothing in the Longshore & Harbor Workers' Compensation Act, and there is no basis in the language of 33 U.S.C. § 928(b), the applicable section, for this implausible construction. The statute states:
 
 
 12
 If the employer or carrier refuse (sic) to accept such written recommendation, within fourteen days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation.... If the claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel in accord with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.
 
 
 13
 The statute does not state specifically the consequences of the employer's failure to accept a written recommendation within fourteen days after its receipt. I believe the logical inference is that the employer becomes liable for attorney fees until it tenders payment in full. The only reasonable interpretation of the statute is that once payment is tendered, the claimant is entitled to attorney fees thereafter "based solely upon the difference between the amount awarded and the amount tendered." In this case, that difference is zero.
 
 
 14
 The legislative history "explains unequivocally the very limited scope of attorney fees awards under the statute." Todd, 950 F.2d at 610.
 
 
 15
 The purpose of [Section 928(b) ] is to authorize the assessment of legal fees against employers in cases where the existence or extent of liability is controverted and the employee-claimant succeeds in establishing liability or obtaining increased compensation in formal proceedings in which he or she is represented by counsel.
 
 
 16
 National Steel and Shipbuilding Co. v. United States Dep't of Labor, 606 F.2d 875, 882 (9th Cir.1979) (emphasis added) (quoted in Todd, 950 F.2d at 610). The majority awards fees even though Ekerson failed to obtain increased compensation in formal proceedings. That is contrary to the statute's language and purpose. The Benefits Review Board's decision is the only sensible one, and I would affirm.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3