REVISED, July 25, 2000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-60587
_____

STAFTEX STAFFING and HOUSTON GENERAL INSURANCE COMPANY

Petitioners,

VERSUS

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR, and RAMIRO LOREDO

Respondents.

_____

Petition for Review of an Order of the
Benefits Review Board
_____
July 18, 2000

Before REAVLEY, DAVIS and BARKSDALE, Circuit Judges.

DAVIS, Circuit Judge:

In this appeal, Petitioner, Staftex Staffing, challenges an order of the United States Department of Labor Benefits Review Board, which affirmed an Administrative Law Judge's ("ALJ") order awarding attorney's fees and compensation payments to Claimant, Ramiro Loredo, pursuant to the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. Staftex argues

-1-

that the ALJ erred in calculating Claimant's average weekly wage and thereby awarded Claimant an excessive compensation rate. Staftex also challenges the Board's award of attorney's fees to Claimant. For the reasons that follow, we affirm the ALJ's wage calculation and compensation rate but reverse his award of attorney's fees.

I.

Ramiro Loredo injured his back on October 11, 1990, while working as a welder for Staftex Staffing. Within thirty days of receiving notice of Loredo's injury, Staftex began to pay voluntary benefits to Loredo based upon an average weekly wage of $438.47. Several months later, Staftex reduced its payments to Loredo, explaining that it had previously overcalculated Loredo's wages by $12,934.14. In response, Loredo filed an "Employee's Claim for Compensation" with the United States Department of Labor, requesting that Staftex compensate him based upon an average weekly wage of $490.24. Staftex acceded to this demand without requiring an informal compensation conference.

Despite Staftex's agreement with Loredo on the appropriate compensation rate, the parties could not agree as to the nature, extent, or permanency of Loredo's injury. The parties referred these disputes to the Department of Labor for an informal conference. The Department issued a written recommendation on these issues and referred the case to an ALJ for a formal hearing and

resolution. Neither party requested, either before or during the informal conference, that the Department address the issue of average weekly wage.

At the formal hearing, however, the parties agreed that Loredo was temporarily and totally disabled but could not agree upon the average weekly wage for which Loredo would be compensated. Staftex contended that it should compensate Loredo based upon his actual earnings for the five years prior to his injury. Loredo contended that he was entitled to an average weekly wage based upon his earnings in the year immediately prior to his injury, excluding the twenty-five weeks during which he was out of the labor market due to a different on-the-job injury and for which he was compensated under the LHWCA.

The ALJ accepted Loredo's method of calculating his average weekly wage and concluded that Loredo was entitled to compensation based upon a weekly wage of $504.32. Furthermore, the ALJ held that Loredo's counsel was entitled to $7,239.28 in attorney's fees plus expenses.

Staftex appealed to the United States Department of Labor's Benefits Review Board, arguing that the ALJ erred both in calculating Loredo's average weekly wage and in awarding an attorney's fee. The Board affirmed the judgment of the ALJ and its decision to award attorney's fees. This appeal followed.

II.

This Court gives "broad discretion to ALJs in determining appropriate wage awards." Louisiana Ins. Guaranty Assoc. v. Director, Office of Worker's Compensation Programs, U.S. Dept. of Labor, 211 F.3d 294, 297 (5th Cir. 2000). We review the decisions of the Benefits Review Board using the same standard that the Board applies to review a decision of the ALJ: whether the decision is supported by substantial evidence and is in accordance with law. New Thoughts Finishing Co. v. Chilton, 118 F.3d 1028, 1030 (5th Cir. 1997). We may neither substitute our judgment for that of the ALJ nor "reweigh or reappraise the evidence." SGS Control Serv. v. Director, Office of Worker's Compensations Programs, US Dept. of Labor, 86 F.3d 438, 440 (5th Cir. 1996). The ALJ's decision need not "constitute the sole inference that can be drawn from the facts." Avondale Industries v. Director, Office of Worker's Compensations Programs, U.S. Dept. of Labor, 977 F.2d 186, 189 (5th Cir. 1992). Moreover, we must resolve all doubts "in favor of the employee in accordance with the remedial purposes of the LHWCA." Empire United Stevedores v. Gatlin, 936 F.2d 819, 822 (5th Cir. 1991).

Both parties agree that 33 U.S.C. § 910(c) provides the basic formula for determining the compensation to which Loredo is entitled. Section 910(c), in relevant part, states that:

> average annual earnings shall be such sum as, having regard to the previous earnings of the injured employee in the employment in which he was working at the time of the injury, and of other employees in the

> same or most similar class working in the same or most similar employment in the same or neighboring locality, or other employment of such employee . . ., shall reasonably represent the annual earning capacity of the injured employee.

33 U.S.C. § 910(c) (1999). Once a court has determined the claimant's average annual wage, it must determine the average weekly wage by dividing the average annual wage by fifty-two. 33 U.S.C. § 910(d)(1). The average weekly wage provides the basis for the compensation rate. See 33 U.S.C. § 908.

In this case, the ALJ calculated Claimant's compensation solely by considering his earnings in the year immediately prior to his injury. The undisputed evidence established that Loredo earned $13,616.53 in the year preceding his back injury. The evidence further established that Loredo worked during only 27 weeks of that year due to a knee injury for which he was compensated under the LHWCA. On this basis, the ALJ concluded that section 910(c) entitled Loredo to compensation based upon a weekly wage of $504.32 -- $13,616.53 divided by 27.

Staftex argues that the one-year period considered by the ALJ misrepresented Claimant's earning capacity and that the ALJ should have looked instead to a five year period preceding the injury. Staftex notes that during the five years preceding Loredo's back injury he never made more than $9896.56 in a single calendar year[1]

---

[1] Although Loredo earned $13,616.53 in the fifty-two-week period leading up to his injury, he never made that much in any single calendar year.

and that Loredo's average yearly earnings during that period amounted to only $5617. Finally, Staftex explains that because it is a temporary staffing company the duration of Loredo's employment is uncertain.

Based upon our review of the record, we conclude that the ALJ acted well within his discretion in estimating Claimant's average weekly wage. First, no case law supports Staftex's contention that an ALJ cannot rely exclusively on the most recent year of employment. While we have held that an ALJ should not randomly pick and choose certain years from a period simply because the judge believes that the other years in that period under-represented the claimant's earning capacity, see Chilton, 118 F.3d at 1031, we have never held that a court cannot base its calculation on the claimant's most recent year of employment. In Chilton, we simply reaffirmed that if "the ALJ looks beyond the 52 weeks immediately preceding the injury, 'he must take into account the earnings of all the years within that period.'" Id., (quoting Gatlin, 936 F.2d at 823); accord Meehan Seaway Service Co. v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor, 125 F.3d 1163, 1170(8th Cir. 1997)(explaining that an ALJ may "calculate average annual earnings under section 910(c) based on a claimant's earning pattern over a period of years . . . where . . . all of the years within that period are taken into account"). Indeed, "the prime objective of section 910(c) is to arrive at a

sum that reasonably represents a claimant's annual earning capacity *at the time of the injury*." SGS Control Serv., 86 F.3d at 441 (emphasis in original)(citations omitted). And as we explained in Hall v. Consolidated Employment Systems, 139 F.3d 1025 (5th Cir. 1998), "[t]ypically, a claimant's wages at the time of injury will best reflect the claimant's earning capacity at that time. It will be an exceedingly rare case where the claimant's earnings at the time of injury are wholly disregarded as irrelevant, unhelpful, or unreliable." Id. at 1031.

Second, Staftex has failed to present any evidence that Loredo's most recent year of employment does not accurately reflect his current earning capacity. In calculating average weekly wage, the ALJ must consider not simply the future of a claimant's employment with a particular employer, but rather the future of his employment in his chosen field. Hall, 139 F.3d at 1030. In this respect, the record supports the ALJ's conclusion that the most recent year most accurately reflected Loredo's current earning capacity.[2]

Staftex further argues that the district court erred in giving

---

[2] Loredo presented evidence to the ALJ suggesting that his current employment with Staftex was likely to be more permanent than his past employment. Both he and his wife testified that, but for the injury, Mr. Loredo would have continued his work as a marine welder. Loredo explained that his previous low wages resulted from a downturn in the ship-building industry, which forced him to find work in other, less lucrative, fields. The ALJ was entitled to credit this testimony.

Loredo credit for twenty-five weeks during which, due to another on-the-job injury, Loredo did not work. Staftex argues that by dividing Loredo's earnings by twenty-seven, which the district court did to account for Loredo's twenty-five weeks on disability, the ALJ violated 33 U.S.C. § 910(d). This argument is without merit.

Although section 910(d) states that the ALJ should divide annual earnings by fifty-two, the Board has frequently held that, when calculating annual earnings, an ALJ may account for time lost due to a claimant's job-related injury. See, e.g., Brien v. Precision Valve, 23 BRBS 209 (1990); see also Hawthorne v. Director, Office of Worker's Compensation Programs, U.S. Dept of Labor, 844 F.2d 318, 320 (8th Cir. 1988)(holding that ALJs should account for time lost due to a strike or an injury caused by a strike). Thus, although the ALJ should have increased its estimation of Loredo's annual wage, rather than increased his weekly wage, in order to account for his knee injury, this error was harmless. Either approach yields the same mathematical result. As such, the Board did not err in affirming the wage calculations of the ALJ.

### III.

Staftex argues that 33 U.S.C. § 928(b), which exclusively governs the award of attorney's fees in LHWCA cases, did not authorize the ALJ to award attorney's fees in this case. According

to Staftex, section 928(b) authorizes the award of attorney's fees only where the employer refuses to accept a written recommendation of compensation that the Department of Labor issues following an informal conference. As Staftex notes, although the parties brought other elements of their dispute before an informal conference, they never submitted their wage dispute to the conference and thus never received a written recommendation.

Section 928(b), in relevant part, provides that:

> If the employer or carrier pays or tenders payment of compensation without an award . . . and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following the conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation . . . they shall pay or tender to the employee in writing the additional compensation, if any, they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of an attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation. If a claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fees for claimant's counsel in accord with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.

33 U.S.C. § 928(b)(1999).

The plain wording of this section precludes Loredo from obtaining attorney's fees in this case. Section 928(b) permits claimants to obtain attorney's fees only where: (1) the board has held an informal conference on the disputed issue; (2) the board issues a written recommendation on that issue; and (3) the employer refuses to accept the recommendation. Loredo failed to submit the average weekly wage dispute to informal conference and thus did not obtain a recommendation for Staftex to accept or reject.[3] As we explained in FMC Corp. v. Perez, 128 F.3d 908, 910 (5th Cir. 1997), "[a]n award of attorney's fees under section 928(b) is appropriate only if the dispute has been the subject of an informal conference with the Department of Labor." Accord Todd Shipyards Corp. v. Director, Office of Worker's Compensation Programs, 950 F.2d 607,610 (9th Cir. 1991)("Section 928(b) authorizes a payment of attorney's fees only if the employer refuses to pay the amount of compensation recommended by the claims examiner following an informal conference."). Because Loredo failed to submit the question of average weekly wages to informal conference, the ALJ could not, as a matter of law, award him attorney's fees. Accordingly, we reverse the Board's award of attorney's fees.

---

[3] Apparently, the dispute regarding Loredo's average weekly wage did not develop until after the Board had completed its informal conference. Loredo does not allege that Staftex waited to challenge Loredo's average weekly wage until after the conference in a strategic attempt to avoid liability for attorney's fees or that he attempted, without success, to obtain another conference after the dispute arose.

IV.

For the reasons stated above, the Benefits Review Board's affirmance of the ALJ's award of compensation under section 910(c) of the LHWCA is AFFIRMED and the ALJ's award of attorney's fees under section 928(b) of the Act is REVERSED.

AFFIRMED in Part.

REVERSED in Part.