Brian **HARVEY**, Petitioner,

v.

**CARGILL MARINE & TERMINALS, INC.,;** Director, Office of Workers Compensation Programs, Department of Labor, Respondents.

No. 01–70848.
BRB Nos. BRB–00–0695, OWCP, 1999–LHC–0202.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 2003.[*]

Decided Feb. 19, 2003.

Before KLEINFELD and MCKEOWN, Circuit Judges, and SHAPIRO,[**] District Judge.

MEMORANDUM[***]

Harvey appeals the decision by the Administrative Law Judge to reduce his requested attorney's fees by fifty percent. We must affirm the Benefits Review Board's approval of the ALJ's decision on attorney's fees unless it is either unsupported by substantial evidence on the records considered as a whole or contrary to applicable law. *Todd Shipyards Corp. v. Director, Office of Workers Compensation Programs*, 950 F.2d 607, 610 (9th Cir. 1991).

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] The Honorable Norma L. Shapiro, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

We must ask "[D]id the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "Where the relief sought and obtained is limited to money, the terms 'extent of success' and 'level of success' are euphemistic ways of referring to money." *McGinnis v. Kentucky Fried Chicken of California,* 51 F.3d 805 (9th Cir.1994). The ALJ did not err in finding that a *de minimis* award of $1 per week for permanent partial disability compensation constituted only "partial success."

Harvey is not automatically entitled to a full lodestar amount. *Farrar v. Hobby,* 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). We have previously upheld a fifty-percent reduction in attorney's fees when the plaintiff successfully proved causation but received only a small percentage of the requested damage award. *Harris v. Marhoefer,* 24 F.3d 16, 18–19 (9th Cir.1994).

The private attorney general theory of *Morales v. City of San Rafael,* 96 F.3d 359 (9th Cir.1996), used to enhance attorney's fees does not apply in a compensation case such as this.

The Decision and Order of the Benefits Review Board is

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.