PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ISLAND CREEK COAL COMPANY,
                    *Petitioner,*

            v.

MANFORD HENLINE; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS,

                    *Respondents.*

No. 05-2176

On Petition for Review of an Order of
the Benefits Review Board.
(05-127-BLA)

Argued: July 26, 2006

Decided: August 8, 2006

Before TRAXLER and GREGORY, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Petition for review granted and claim remanded by published opinion.
Senior Judge Hamilton wrote the opinion, in which Judge Traxler and
Judge Gregory joined.

---

## COUNSEL

**ARGUED:** Ashley Marie Harman, JACKSON & KELLY, P.L.L.C.,
Morgantown, West Virginia, for Petitioner. Helen Hart Cox, UNITED
STATES DEPARTMENT OF LABOR, Office of Workers' Compen-
sation Programs, Washington, D.C.; Sandra M. Fogel, CULLEY &

WISSORE, Carbondale, Illinois, for Respondents. **ON BRIEF:** Douglas A. Smoot, Kathy L. Snyder, JACKSON & KELLY, P.L.L.C., Morgantown, West Virginia, for Petitioner. Mary Z. Natkin, James M. Phemister, WASHINGTON & LEE UNIVERSITY SCHOOL OF LAW, Legal Clinic, Lexington, Virginia, for Respondent Manford Henline; Howard M. Radzely, Solicitor of Labor, Patricia M. Nece, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Office of Workers' Compensation Programs, Washington, D.C., for Federal Respondent.

---

**OPINION**

HAMILTON, Senior Circuit Judge:

Island Creek Coal Company (Island Creek) petitions for review of the Benefits Review Board's final decision and order affirming an administrative law judge's award of benefits to Manford Henline (Henline) under the Black Lung Benefits Act (the BLBA), 30 U.S.C. §§ 901-945. For reasons that follow, we vacate the Benefits Review Board's final decision and order, and remand with instructions for further proceedings consistent with our opinion.

I.

Henline filed his claim for black lung benefits with the United States Department of Labor on July 18, 2000. There is no dispute that Henline had at least twenty-one years of coal mine employment and that Island Creek is properly designated as the responsible operator for any benefit award.

At the request of Island Creek, an administrative law judge (the ALJ) held a formal hearing on Henline's claim for black lung benefits on August 1, 2002. In addition to challenging Henline's claim on the merits, Island Creek asserted a statute of limitations defense pursuant to the BLBA's three-year statute of limitations on a miner's claim for black lung benefits, codified at 30 U.S.C. § 932(f). Section 932(f) specifically provides:

> Any claim for benefits by a miner under this section shall be filed within three years after whichever of the following occurs later—
>
> (1) a medical determination of total disability due to pneumoconiosis; or
>
> (2) March 1, 1978.

*Id.* Section 932(f) is implemented by 20 C.F.R. § 725.308(a), promulgated by the Department of Labor, which regulation provides, in relevant part:

> A claim for benefits filed under this part by, or on behalf of, a miner shall be filed within three years after a medical determination of total disability due to pneumoconiosis *which has been communicated* to the miner or a person responsible for the care of the miner, or within three years after [March 1, 1978], whichever is later.

*Id.* (emphasis added). 20 C.F.R. § 725.308(c) then affords the miner a rebuttable presumption that "every claim for benefits is timely filed." *Id.*

Except for a doctor's interpretation of four chest x-rays taken in 1994, 1998 and 1999, and records from Henline's 1980 hospitalization for a coronary condition, all medical evidence of record was developed after Henline filed his claim for black lung benefits. No written medical evidence in the record that pre-dates Henline's July 18, 2000 claim for black lung benefits purports to find Henline totally disabled by pneumoconiosis. In the absence of such written evidence, Island Creek sought to establish its statute of limitations defense based upon its cross-examination of Henline, who was the only witness to testify at the hearing before the ALJ.

On cross-examination, Island Creek's counsel asked Henline if he had seen a doctor in 1993 for his breathing problems. Henline answered, "Yes, ma'am." (J.A. 510-11). Asked if the doctor was Dr. Asher, Henline again answered, "Yes, ma'am." (J.A. 511). Island Creek's counsel then inquired:

Q: What did Dr. Asher tell you was causing those problems?

A: He said it was my breathing.

Q: Okay. Did he tell you whether or not the coal mine dust that you were exposed to was causing problems with your breathing?

A: That's what he insinuated it was.

Q: Did he tell you that you had black lung or occupational pneumoconiosis?

A: I can't remember.

*Id.*

Island Creek's counsel asked Henline whether any doctor had ever told him that he has black lung disease as a result of his work in coal mines. Henline answered yes and that it was Dr. Rasmussen. Counsel sought to clarify when Dr. Rasmussen told Henline that he had black lung disease:

Q: Was Dr. Rasmussen the first doctor to ever tell you . . . that?

A: Yes, ma'am.

Q: Now, you saw Dr. Rasmussen as part of this claim for Federal Black Lung benefits. Correct?

A: Yes, ma'am.

*Id.*[1] Noting that Henline had received a twenty-five percent state award for black lung disease in 1986, counsel for Island Creek asked Henline, "[Y]ou've known since at least 1986 that you have black

---

[1]Dr. Rasmussen examined Henline on August 7, 2000.

lung?," to which question Henline replied, "Yes, ma'am." (J.A. 512). Questioned, "Has any doctor ever told you that you are totally disabled because of your black lung?," Henline again answered, "Yes, ma'am." *Id.* Counsel for Island Creek then asked, "What doctor was that?," and Henline responded, "Dr. Osbourne, Dr. Gray, Dr. Asher." *Id.* Counsel for Island Creek next inquired if Henline had seen Dr. Asher in 1993, and Henline answered, "Yes, ma'am." (J.A. 513). Counsel for Island Creek went on to ask Henline several questions addressing whether Henline had seen Dr. Gray and Dr. Osbourne in the mid-1990s, to which Henline responded each time, "Yes, ma'am." (J.A. 514). Finally, counsel for Island Creek inquired, "Did any of those doctors tell you that you were unable to return to coal mine employment?," and Henline replied, "Yes, ma'am." *Id.* Asked "Which doctors?," Henline answered, "All of them." *Id.*

On redirect examination, counsel for Henline questioned whether Henline knew the definition of total disability under the federal black lung program regulations, and Henline said no. In response to his counsel's inquiry, Henline stated that he did not know if the doctors knew the definition of total disability under those regulations either. His counsel questioned, "Did Dr. Asher say you were not able to work or did Dr. Asher say you were totally disabled due to black lung?" (J.A. 515). Henline replied, "He said I was disabled from black lung." *Id.* Asked whether Dr Asher said totally disabled, Henline answered, "I think so." *Id.* Counsel for Henline then inquired, "Do you remember Dr. Gray saying to you that you are totally disabled due to black lung disease?" (J.A. 515-16). Henline responded, "Yes, ma'am." (J.A. 516). Henline's counsel then sought to clarify: "He said those specific words?" *Id.* Henline answered, "Yes, ma'am." *Id.* Lastly, Henline's counsel asked, "Do you, do you recall them, each of these three doctors saying those words to you?" *Id.* Henline replied, "Yes, ma'am." *Id.*

After rejecting Island Creek's statute of limitations defense and after concluding that Henline had prevailed on the merits of his black lung claim, the ALJ awarded Henline black lung benefits on February 25, 2003. With respect to Island Creek's statute of limitations defense, the ALJ determined that Henline had filed his claim for black lung benefits within the BLBA's three-year statute of limitations period, because Island Creek had failed to rebut the regulatory pre-

sumption that Henline had timely filed his claim. *See* 20 C.F.R. § 725.308(c).

In his written decision awarding benefits, the ALJ addressed Island Creek's contention that Henline's claim was untimely because Henline had testified that he was told by at least three doctors (*i.e*, Drs. Asher, Gray, and Osbourne) that he was totally disabled by black lung disease more than three years before he filed his black lung claim on July 18, 2000. The ALJ found Henline's testimony insufficient to show untimeliness. According to the ALJ, Henline's testimony regarding what the foregoing physicians had told him about being totally disabled due to pneumoconiosis was not credible. In so finding, the ALJ noted inconsistencies in Henline's testimony. Specifically, the ALJ pointed to Henline's testimony "that Dr. Asher allegedly told him he was totally disabled due to pneumoconiosis in 1993 . . . . Yet, Claimant also testified that the first physician to tell him that he even had black lung was Dr. Rasmussen," who examined Henline in August 2000. (J.A. 525). The ALJ ultimately concluded that Henline's testimony was not credible because: (1) Henline admitted that he had a poor memory due to a stroke; (2) it was inconsistent; and (3) it "primarily entailed a series of short responses of 'Yes, ma'am.'" *Id.* Since Henline's testimony was not credible and the record did not contain a reasoned medical opinion stating that Henline was totally disabled due to pneumoconiosis that preceded the filing of his claim, the ALJ determined that Island Creek had failed to rebut the regulatory presumption, *see* 20 C.F.R. § 725.308(c), that Henline had timely filed his black lung claim. Island Creek appealed to the Board.

On February 25, 2004, the Board issued a decision and order in which it affirmed the ALJ's rejection of Island Creek's statute of limitations defense, but on a ground different than the ALJ. The Board did not consider whether the ALJ erred in finding Henline's testimony, upon which Island Creek relied in support of its statute of limitations defense, incredible. Instead, the Board rejected Island Creek's statute of limitations defense on the ground that, per its decision in *Adkins v. Donaldson Mine Co.*, BRB No. 89-2902 BLA, 1993 WL 13021683 (DOL Ben. Rev. Bd. May 27, 1993), 20 C.F.R. § 725.308(a) requires *written* notice to the miner that he was totally disabled due to pneumoconiosis in order to trigger the three-year statute of limitations

clock on black lung claims and that such written notice was indisputably not present in Henline's case. However, although the Board affirmed the ALJ's finding that Henline was totally disabled, it remanded Henline's claim to the ALJ for reconsideration of the ALJ's pneumoconiosis and disability causation findings. On remand, a different ALJ awarded Henline black lung benefits, which award the Board affirmed on August 26, 2005. Island Creek timely filed this petition for review. Island Creek challenges the Board's rejection of its statute of limitations defense and the Board's holding on the merits of Henline's black lung claim. Both Henline and the Director of the Office of Workers' Compensation for the Department of Labor (the Director) are respondents in the present appeal.

## II.

Island Creek first challenges the Board's rejection of its statute of limitations defense to Henline's black lung claim. According to Island Creek, the Board's requirement of written notice to a miner that he is totally disabled from pneumoconiosis in order to trigger the start of the three-year statute of limitations clock on the miner's claim for black lung benefits is contrary to the plain language of 30 U.S.C. § 932(f) and its implementing regulation, 20 C.F.R. § 725.308(a). The Director, the federal respondent in this appeal, concedes that "Island Creek rightfully complains that the Board affirmed the ALJ's timeliness finding on an improper ground," (Director's Br. at 16). On this point, the Director states as follows:

> [N]either the statute nor the implementing regulations requires a written communication; the Board's precedent to the contrary is wrong. There is simply no basis for limiting the plain language of the implementing regulation—that a medical determination be "communicated" to the miner—to a written communication.

(Director's Br. at 16-17). Henline, for his part, admits that neither the BLBA nor the implementing regulations require written notice to trigger the three-year statute of limitations clock on a miner's black lung claim. However, he argues that the Board was correct in imposing the written notice requirement because "it is difficult to imagine that anything less would be adequate." (Henline's Br. at 16).

We hold that neither the BLBA nor the implementing regulations require that the notice to a miner of a medical determination of his total disability due to pneumoconiosis be in writing in order to trigger the start of the three-year statute of limitations clock on black lung claims. Accordingly, we hold the Board erred in rejecting Island Creek's statute of limitations defense for lack of such written notice to Henline more than three years prior to Henline's filing of his black lung claim. The language of 30 U.S.C. § 932(f) and the language of 20 C.F.R. § 725.308(a) plainly do not contain the written-notice requirement adopted by the Board in *Adkins*, 1993 WL 13021683, and invoked by the Board with respect to Henline's black lung claim. Indeed, even if the phrase "after a medical determination of total disability due to pneumoconiosis which has been communicated to the miner," as contained in 20 C.F.R. § 725.308(a), could arguably be considered ambiguous on the point, the Director's interpretation, to which we owe deference, *Lisa Lee Mines v. Director, OWCP*, 86 F.3d 1358, 1363 (4th Cir. 1996) (*en banc*) (Court of Appeals required to give *Chevron*[2] deference to Director's reasonable interpretation of ambiguous regulation), conclusively rejects a written notice requirement.

The Director argues that even though the Board's only basis for rejecting Island Creek's statute of limitations defense is invalid, "remand on this issue is unnecessary because the ALJ provided adequate findings to support his conclusion that Henline's testimony is insufficient evidence to rebut the presumption of timeliness afforded him by section 725.308(c)." (Director's Br. at 17). Henline also urges affirmance of the Board's rejection of Island Creek's statute of limitations defense on the ground relied upon by the ALJ in rejecting such defense.

We cannot accept the Director and Henline's invitation to affirm the Board's rejection of Island Creek's statute of limitations defense on a ground not actually relied upon by the Board. Affirming the Board's rejection of Island Creek's statute of limitations defense on an alternative ground not actually relied upon by the Board is prohibited under the *Chenery* doctrine. Under the *Chenery* doctrine, "an

---

[2]*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943). In *Gulf & Western Industries v. Ling*, 176 F.3d 226 (4th Cir. 1999), we relied upon the *Chenery* doctrine to hold that, in reviewing an order of the Board directing payment of black lung benefits, our review is confined exclusively to the grounds actually invoked by the Board. *Id.* at 230-31 (relying on *Chenery* doctrine to hold that review by Court of Appeals of Board's order awarding benefits under the BLBA is confined exclusively to the grounds actually invoked by the Board). *See also* 33 U.S.C. § 921(c) (jurisdiction of the Courts of Appeals limited to reviewing final orders of the Board). To make the point even clearer, in a footnote in *Gulf & Western Industries*, we included a *Cf.* citation to *Huaman-Cornelio v. Board of Immigration Appeals*, 979 F.2d 995 (4th Cir. 1992), which holds in the analogous immigration context that we only review the findings and orders of the Board of Immigration Appeals, not those of the Immigration Judge. *Gulf & Western Industries*, 176 F.3d at 230 n.9.

In sum, we grant Island Creek's petition for review on the ground that in rejecting Island Creek's statute of limitations defense the Board relied upon an invalid ground—*i.e.*, that Island Creek failed to offer proof that Henline received written notice that he was totally disabled due to pneumoconiosis more than three years before he filed his black lung claim on July 18, 2000, and remand with instructions for further proceedings by the Board consistent with our opinion. Specifically, we instruct the Board to consider, on remand, the ALJ's actual reason for rejecting Island Creek's statute of limitations defense.[3]

*PETITION FOR REVIEW GRANTED AND CLAIM REMANDED*

---

[3]Because a resolution on remand before the Board in favor of Island Creek with respect to Island Creek's statute of limitations defense would completely bar Henline's claim for black lung benefits, we decline to address, on prematurity grounds, such claim on the merits.