ROGERS, Circuit Judge,
concurring.
I concur fully in the majority opinion. I write separately to explain why this court is permitted to affirm rulings of the Benefits Review Board (BRB) on grounds other than those relied on by the BRB, rather than remand erroneous rulings to the Board as would be required in the case of ordinary appellate review of agency decisions. Such a course appears on the surface to conflict with the time-honored administrative law principle that “an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained.” SEC v. Chenery Corp., 318 U.S. 80, 95, 63 S.Ct. 454, 87 L.Ed. 626 (1943). Because the BRB’s rulings are formally administrative orders, it would appear that the Chenery principle requires that we remand erroneous decisions to the BRB *358 even if alternative legal grounds exist to support the Board’s decision. Indeed, the Fourth Circuit so held in Island Creek Coal Co. v. Henline, 456 F.3d 421, 426 (4th Cir.2006) (“Affirming the Board’s [decision] on an alternative ground not actually relied upon by the Board is prohibited under the Chenery doctrine”).
The Chenery principle does not apply in this case, however, because the narrow, quasi-judicial function of the BRB distinguishes BRB orders from the ordinary instance of agency decision making.
The BRB exercises the appellate review authority formerly exercised by the United States District Courts. See House Report No. 92-1441, 1972 U.S.C.C.A.N. 4698, 4709. Thus, in the current scheme, Black Lung claims are first heard and decided by an ALJ. Then the ALJ’s determination may be appealed to the BRB. When the BRB reviews the ALJ’s determination, the Board’s review is narrowly defined by 33 U.S.C. § 921(b)(3), which provides that “findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.” After the BRB issues a final order an aggrieved party may appeal the BRB’s order to this court. This court then reviews the ALJ’s factual conclusion for substantial evidence and legal determinations de novo. York v. Benefits Review Board, 819 F.2d 134, 136 (6th Cir.1987). Our court has recognized this to mean that, “in effect, [] the standards of review for the Benefits Review Board and this Court are the same.” Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986).
In this context, the ordinary Chenery concerns melt away. The Chenery doctrine rests on the understanding that agency orders involve “a determination of policy or judgment which the agency alone is authorized to make.” Chenery, 318 U.S. at 88, 63 S.Ct. 454. But, the BRB functions exclusively as a “quasi-judicial,” rather than as a policy making, body. 20 C.F.R. § 801.103; see also Norfolk & Western Ry. Co. v. Roberson, 918 F.2d 1144, 1147 (4th Cir.1990) (“[T]he Board’s interpretation standing alone is not entitled to special judicial deference”). Accordingly, the BRB does not possess any unique authority to make the kinds of judgments it is authorized to make; rather, when reviewing the BRB’s orders, the courts of appeals are called upon to do exactly the same thing (and the only thing) that the BRB is empowered to do, namely determine whether the underlying ALJ’s decision is supported by substantial evidence.
In this scheme the BRB functions just like the district courts it replaced. It is, therefore, appropriate that courts of appeals should treat review of the Board’s decisions like our review of legal decisions from the district courts, rather than like the ordinary review of agency determinations. The Supreme Court in Chenery observed that it would be “wasteful” to send a case back to a district court “to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate.” Chenery, 318 U.S. at 88, 63 S.Ct. 454. Because the BRB functions like a district court reviewing agency decisions for substantial evidence rather than like the typical administrative agency empowered to exercise independent administrative judgment, it would be similarly wasteful and unnecessary for this court to remand a case to the BRB when it is apparent that alternative legal grounds exist to support the Board’s order.
Other circuits have similarly affirmed the BRB on alternate grounds. United Brands Co. v. Melson, 594 F.2d 1068, 1072 *359 n. 10 (5th Cir.1979) (overruled on other grounds) (“When the Board’s order can be affirmed on a question of law, we think we are fully empowered to do so”); Todd Shipyards Corp. v. Director, 848 F.2d 125, 127 n. 3 (9th Cir.1988) (“When the Board’s Order can be affirmed on a question of law, we are fully empowered to do so, even though the Board relied on a different ground or principle”); Lauderdale v. Director, 940 F.2d 618, 622 (11th Cir.1991) (“We can affirm a decision of the Board for a legal reason not advanced by the Board”).