**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1850**

ISLAND CREEK COAL COMPANY,

        Petitioner,

    v.

MANFORD HENLINE; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS; BENEFITS REVIEW BOARD,

        Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(05-127-BLA)

Submitted: May 8, 2008            Decided: July 9, 2008

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ashley M. Harman, Douglas A. Smoot, JACKSON KELLY, PLLC,
Morgantown, West Virginia, for Petitioner. Sandra M. Fogel, CULLEY
& WISSORE, Carbondale, Illinois, for Respondent Manford Henline.
Jonathan L. Snare, Acting Solicitor of Labor, Patricia M. Nece,
Counsel for Appellate Litigation, Helen H. Cox, Office of the
Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for
Federal Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Island Creek Coal Company petitions for review of two orders of the Benefits Review Board (the Board) affirming decisions of administrative law judges (ALJs) determining that Manford Henline's Black Lung Benefits claim was timely filed and that Henline is entitled to benefits. We deny the petition.

## I.

Henline worked as an underground coal miner for at least 21 years between 1965 and 1993. Henline developed breathing problems during the last few years of his work that worsened over time and eventually forced him to retire.

On July 18, 2000, Henline filed a claim for benefits under the Black Lung Benefits Act. See 30 U.S.C.A. §§ 901-44 (West 2007). After Henline underwent testing and was examined by a Department of Labor physician, the Department of Labor awarded him benefits. At the request of Island Creek, the undisputed responsible operator for any benefit award, the claim was then transferred to the Office of Administrative Law Judges for formal hearing.

Following a hearing, ALJ Robert Lesnick issued a decision awarding benefits. The ALJ found that Island Creek failed to rebut the applicable presumption that Henline filed his claim within the applicable three-year statute of limitations. See 20 C.F.R. § 725.308 (2007). In this regard, the ALJ concluded that there was

2

no evidence that any doctor had given Henline, more than three years before he filed his claim, a "reasoned opinion" that he was totally disabled due to pneumoconiosis. J.A. 525. The ALJ alternatively found that the only evidence that a doctor had given Henline any opinion to that effect--reasoned or unreasoned--more than three years prior to the filing of his claim was testimony from Henline himself. The ALJ discredited this testimony because Henline had admitted that a stroke had left him with a poor memory, and because his testimony was inconsistent and composed primarily of a series of "yes" answers. Regarding the merits of Henline's claim, the ALJ credited the opinions of Henline's expert, Dr. Castle, and the Department of Labor's doctor, Dr. Rasmussen, that Henline was totally disabled due to pneumoconiosis and rejected the contrary opinions of Island Creek's three doctors.

On appeal, the Board affirmed the decision in part and vacated and remanded in part. Although not reviewing the ALJ's decision to discredit Henline's testimony on the timeliness issue, the Board nevertheless affirmed the determination that Henline's claim was timely. The Board did so on the grounds that 20 C.F.R. § 725.308 requires that notice to the miner that he was totally disabled due to pneumoconiosis must be in writing to trigger the three-year statute-of-limitations clock and that Island Creek had not provided evidence that Henline had received such notice. The Board also affirmed the ALJ's finding that Henline was totally disabled.

3

However, concluding that the ALJ did not explain why he found the opinions of Drs. Castle and Rasmussen more persuasive than those of Island Creek's doctors, the Board remanded for reconsideration of whether Henline had pneumoconiosis and whether his total disability was due to pneumoconiosis.

The case was assigned to ALJ Daniel L. Leland on remand. Finding Dr. Castle to be the most qualified based on his experience and published research, and finding his opinion, which was supported by Dr. Rasmussen, to be better documented and reasoned than any of Island Creek's doctors, the ALJ reinstated Henline's benefits award. The Board affirmed on appeal.

Island Creek then petitioned this court for review of the Board's decision, challenging, inter alia, the Board's conclusion that notice to a miner that he is disabled due to pneumoconiosis must be in writing to trigger the statute-of-limitations clock. We agreed with Island Creek, vacated the Board's decision, and remanded to the Board for reconsideration of the timeliness issue. See Island Creek Coal Co. v. Henline, 456 F.3d 421, 425-27 (4th Cir. 2006).

On remand, the Board, noting that whether a claimant's hearing testimony is sufficient to rebut the timeliness presumption is a matter committed to the ALJ's discretion, rejected a claim by Island Creek that ALJ Lesnick erred in discrediting Henline's testimony on the statute-of-limitations issue. Thus, the Board

4

again affirmed Henline's benefits award. Island Creek has now petitioned this court again for review of the Board's decision.

## II.

Island Creek first argues that ALJ Lesnick and the Board erroneously concluded that a "reasoned" opinion from a doctor was required to trigger the three-year statute-of-limitations clock. Whether the ALJ or the Board so concluded is immaterial, however, since the ALJ discredited the only testimony that Henline received any medical opinion--reasoned or unreasoned--that would have triggered the limitations clock more than three years prior to the claim, and the Board affirmed the ALJ's decision to discredit that evidence.

Island Creek next contends that ALJ Leland offered flawed analysis regarding his rejection of its experts' opinions. We conclude, however, that the ALJ reasonably determined that none of Island Creek's doctors satisfactorily explained why Henline's total disability was not due to a coal-dust induced disease other than coal workers' pneumoconiosis. In employing this analysis, the ALJ did not improperly "shift[] the burden of proof from the claimant to the employer," as Island Creek claims he did. Br. of Petitioner, at 19. Rather, he merely concluded that their analysis

5

was incomplete, and therefore that their opinions were not well-reasoned.[*]

Island Creek also maintains that ALJ Leland erred in crediting the opinions of Drs. Cohen and Rasmussen.  We disagree.  The ALJ reasonably concluded that these doctors, unlike their counterparts, provided a persuasive and logically complete explanation for their conclusions.  While Island Creek's physicians criticized several aspects of Dr. Cohen's analysis, the ALJ concluded that Dr. Cohen provided credible and logical responses to the criticisms.  The ALJ also plausibly found that Cohen was "the most qualified with respect to both experience and published research, in addition to his board-certification and B-reader credentials."  J.A. 566.  The ALJ properly relied on all of these conclusions in deciding to defer to the opinions of Drs. Cohen and Rasmussen over the opinions offered by Island Creek's physicians.  See Island Creek Coal Co. v. Compton, 211 F.3d 203, 211 (4th Cir. 2000) ("[I]t is the province of the ALJ to evaluate the physicians' opinions.").

---

[*]Island Creek also maintains that the ALJ's criticism of Dr. Renn's assessment concerning a history of myocardial infarction and the existence and effect of congestive heart failure was unwarranted.  However, there is no indication in the ALJ's opinion that his resolution of this issue had any bearing on his rejection of Dr. Renn's opinion.

III.

For all the foregoing reasons, the petition for review is denied.

PETITION DENIED