**Dean COX, Petitioner,**

v.

**BENEFITS REVIEW BOARD; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 85–3430.

United States Court of Appeals, Sixth Circuit.

April 9, 1986.

John C. Dixon, Barbourville, Ky., for petitioner.

J. Michael O'Neill, Ronald G. Ray, U.S. Dept. of Labor, Washington, D.C., for respondents.

Before RYAN, Circuit Judge, and BROWN and CELEBREZZE, Senior Circuit Judges.

PER CURIAM.

Petitioner Dean Cox appeals an affirmance by the Benefits Review Board, United States Department of Labor ("BRB" or "Board"), of an Administrative Law Judge's ("ALJ") determination denying her benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et. seq.* (1982). She contends that the ALJ erred in finding that none of the alternative medical requirements for invocation of the interim presumption of 20 C.F.R. § 727.203(a) (1985) had been established. We hold that the BRB did not err in refusing to review the merits of the ALJ's determination and, ac-

cordingly, we affirm the decision and order of the Board.

Roy Cox ("Roy") was a coal miner for at least twenty years before his coal mine employment ceased in 1958. In 1970, he filed a claim under the Black Lung Benefits Act, 30 U.S.C. § 901 *et. seq.* (1982), alleging disability due to pneumoconiosis, but this claim was denied in 1975. Roy died in 1976 at the age of sixty-three. Following passage of the Black Lung Benefits Reform Act of 1977, which permitted a new review of claims denied before March 1, 1978, 30 U.S.C. § 945 (1982), Roy's widow, Petitioner Dean Cox ("Cox"), elected a review of the previously denied claim by the Department of Labor. An ALJ conducted a formal hearing in May, 1981, and concluded, in January, 1982, that Cox had established none of the five alternative medical conditions sufficient to invoke the interim presumption of death or total disability due to pneumoconiosis contained in 20 C.F.R. § 727.203(a) (1985). Cox appealed this unfavorable decision to the BRB which found her Petition for Review inadequate to initiate a review on the merits and, consequently, affirmed the ALJ's decision. Cox's subsequent Motion for Reconsideration was granted, but her contention therein, which is not raised before this Court, was rejected by the Board. This appeal ensued.

Cox asserts on appeal that the evidence at the hearing conducted by the ALJ established that at least two of the five alternative medical requirements of Section 727.-203(a) had been met, thereby entitling her to the interim presumption that Roy was totally disabled due to pneumoconiosis at the time of his death. We do not reach this contention, however, since we hold that Cox's failure to properly appeal the ALJ's decision to the BRB precludes our review of this matter.

By statute, the BRB is "authorized to hear and determine appeals raising a substantial question of law or fact" taken from ALJ determinations. 33 U.S.C. § 921(b)(3) (1982). The findings of fact by an ALJ are conclusive "if supported by substantial evidence in the record con-sidered as a whole," *id.*, and the "Board is not empowered to engage in *de novo* review of the record, ... and may not set aside an inference merely because it finds the opposite one more reasonable." *Bizzarri v. Consolidation Coal Co.*, 775 F.2d 751, 753 (6th Cir.1985). In light of these limitations on the BRB's scope of review, the Department of Labor has promulgated regulations requiring that "[a] petition for review shall contain a statement indicating the specific contentions of the petitioner and describing with particularity the substantial questions of law or fact to be raised by the appeal." 20 C.F.R. § 802.-210(a) (1985). Consistent with this, the Board has repeatedly held that a party challenging an ALJ's decision must do more than recite evidence favorable to his case, but must demonstrate with some degree of specificity the manner in which substantial evidence precludes the denial of benefits or why the ALJ's decision is contrary to law. *E.g., Koch v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 6 Black Lung Rep. 1–909, 1–910 (1983); *Slinker v. Peabody Coal Co.,* 6 Black Lung Rep. 1–465, 1–466 (1983); *Fish v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 6 Black Lung Rep. 1–107, 1–109 (1983) ("An argument framed in terms of the decision below ... is a threshold requirement for Board review."). According to the BRB, a general contention that the evidence supports the granting of benefits, without raising specific allegations of error by an ALJ, "is equivalent to a request to reweigh the evidence of record, which is beyond the Board's scope of review." *Koch,* 6 Black Lung Rep. at 1–910.

Applying these principles to the Cox petition, the Board found that "[i]n an inadequate Petition for Review ... counsel [for Cox] merely contends that claimant has established entitlement pursuant to at least one of the four methods of invocation found at 20 C.F.R. § 727.203(a).... Counsel does not identify which method ... allegedly supports invocation...." In the instant appeal, Cox has completely failed to

allege, let alone demonstrate, that her Petition for Review met the requirements of 20 C.F.R. § 802.210(a) (1985) or was otherwise adequate to invoke the Board's review of the ALJ's decision, and we have found nothing in the record or the briefs of counsel to controvert the BRB's assessment of Cox's Petition for Review. Consequently, we hold that Cox simply failed to adequately appeal the ALJ's denial of Black Lung benefits and that the BRB did not err in affirming the ALJ's decision after declining to conduct a review of the ALJ's determination.

As a consequence of this holding, we decline to review the merits of the ALJ's decision. *Blevins v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 683 F.2d 139 (6th Cir.1982), found that "[i]n providing for review of BRB determinations in the courts of appeals, 'Congress in effect required … that a claimant exhaust all his administrative remedies.'" *Id.* at 143 (quoting *Compensation Department of District Five, United Mine Workers of America v. Marshall,* 667 F.2d 336, 342 (3d Cir.1981)). It is generally recognized that under the doctrine of exhaustion of administrative remedies a court should not consider an argument which has not been raised in the agency proceeding which precedes the appeal. *Id.* at 143; *Director, Office of Workers' Compensation Programs, United States Department of Labor v. North American Coal Corp.,* 626 F.2d 1137, 1143 (3d Cir.1980); *see Unemployment Compensation Commission of Alaska v. Aragon,* 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946). Cox, by filing a Petition for Review with the BRB which lacked the specificity necessary to invoke the Board's authority to review the ALJ's denial of benefits, has failed to properly exhaust her administrative remedies and preserve the merits of this appeal for review. *See Blevins* at 142–43; *General Dynamics Corp. v. Sacchetti,* 681 F.2d 37, 40 (1st Cir.1982); *Duncanson-Harrelson Co. v. Director, Office of Workers' Compensation Programs,* 644 F.2d 827, 832 (9th Cir.1981).

Accordingly, the decision and order of the Benefits Review Board is affirmed.