977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Garnet SHUGARS, (Widow of Ervin Shugars), Petitioner,
v.
QUARTO MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-3253.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Garnet Shugars, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The claimant filed her initial application for black lung benefits on February 16, 1979, on the basis of her deceased husband's employment as a coal miner. The claim was denied administratively, and the claimant appealed from this denial and requested a hearing before an Administrative Law Judge (ALJ), which hearing was held on June 19, 1980. The ALJ issued a decision and order denying benefits. This decision was affirmed by the BRB, on appeal. This court dismissed a petition for review of that BRB decision, on the basis that the petitioner had failed to timely file a pre-argument statement prescribed by Rule 18, Rules of the Sixth Circuit.
 
 
 3
 Within one year of this court's final order, Mrs. Shugars filed a second claim, on December 5, 1984. Because the widow filed her claim within one year of a final order disposing of her previous claim, the ALJ properly analyzed this second claim as a request for modification pursuant to 20 C.F.R. § 725.310. The ALJ denied benefits, which denial was affirmed, again, by the BRB, on appeal. On appeal to this court, the claimant now contends that the ALJ mischaracterized certain physicians' opinions of record, which would have established that the miner's death was caused by pneumoconiosis under the regulations, so that she would be entitled to benefits. Mrs. Shugars also requests appointment of counsel, on appeal.
 
 
 4
 Section 725.310(a) states that, in order to establish grounds for modification of a prior decision under that section, the claimant must establish either a change in conditions or a mistake in determination of fact. The intended purpose of modification based on a mistake of fact is to vest the fact-finder with broad discretion to correct mistakes, whether demonstrated by wholly new evidence, cumulative evidence or merely after further reflection on the evidence initially submitted. O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 256 (1971) (per curiam). As noted by the dissenting administrative appeals judge in the second BRB order, to determine whether a mistake in fact has been demonstrated, the ALJ has the discretion to review the prior factual findings, which was not done in this case. The Director has also pointed out this error in a motion for remand filed with the BRB.
 
 
 5
 Therefore, this court concludes that the case should be remanded for the ALJ to review all relevant evidence of record, including that evidence originally considered by the ALJ in the opinion and order denying benefits to Mrs. Shugars on the basis of her first claim. On remand, it is particularly important that the ALJ discuss the relevant physicians' opinions in regard to whether that evidence shows the disability or death of the miner arose in whole or in part out of his coal mine employment, under the standard set forth by this court in Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 260-61 (6th Cir.1988), and Roberts v. Benefits Review Bd., 822 F.2d 636, 639 (6th Cir.1987).
 
 
 6
 Should the ALJ, upon remand, find that the employer has rebutted the presumption under Part 727, the claim must also be considered under the permanent Department of Labor regulations found in Part 718. See 20 C.F.R. § 727.204(c); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989); Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989). Upon review of the evidence, it appears that there may be a substantial claim under 20 C.F.R. § 718.304, in light of the evidence submitted by Mrs. Shugars with her second claim, specifically the pathology report by Dr. Francis H.Y. Green of the U.S. Department of Health and Human Services, dated March 8, 1985. For this reason, it cannot be said that the failure to consider Mrs. Shugars's claim under Part 718 of the regulations was harmless error.
 
 
 7
 The Director requests that this case be remanded to the ALJ for reasons set forth in this order. In the alternative, the Director argues that the case should be remanded on the basis that Mrs Shugars's 1979 claim was never fully adjudicated before the Deputy Commissioner and the ALJ according to proper procedure under the Act and regulations. However, this argument was never presented to the ALJ or BRB and will not be addressed for the first time, on appeal to this court. See Cox v. Benefits Review Bd., 791 F.2d 445, 447 (6th Cir.1986) (per curiam); Blevins v. Director, OWCP, 683 F.2d 139, 143 (6th Cir.1982). Lastly, in light of this court's disposition of the case, the request by Quarto Mining to strike from the record the Director's Motion to Remand, filed with the BRB, has been rendered moot.
 
 
 8
 Accordingly, the BRB's decision is hereby VACATED and REMANDED, with direction to remand to the ALJ for further consideration of this claim in accordance with this court's order. Rule 9(b)(3), Rules of the Sixth Circuit.