85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy H. DOAN, Petitioner,
v.
JERICOL MINING, INC.; Kentucky Coal Producers
Self-Insurance Fund; Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 95-4045.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Billy H. Doan, proceeding pro se, petitions for review of the Benefits Review Board's decision and order denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-45. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Doan filed an initial claim for benefits on May 2, 1988. The Department of Labor administratively denied this claim and it was referred to an Administrative Law Judge (ALJ) for a hearing. The ALJ then issued a decision and order denying benefits and the Board affirmed the ALJ's decision.
 
 
 4
 Within one year of that Board decision, Doan filed another claim for benefits. The Department of Labor construed this second claim as a request for modification under 20 C.F.R. § 725.310. This request was denied and referred to an ALJ for another hearing. The ALJ then issued a decision and order denying benefits. The Board affirmed the ALJ's decision on the basis that the claimant had failed to assign any specific error to the ALJ's findings. Doan's petition requests this court to review this second Board decision.
 
 
 5
 On appeal, Doan argues that the ALJ erred when he did not consider a treating doctor's report that stated Doan was taking "three breathing pills a day," and when the ALJ disregarded Dr. J.D. Miller's report. Doan also argues that the ALJ only considered "the company's side," and he states that his length of coal mining employment, alone, should establish that he has black lung disease. Doan has also filed a motion to proceed in forma pauperis.
 
 
 6
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 The ALJ and Board properly construed Doan's duplicate claim as a request for modification, because Doan filed the second claim within one year of the Board's final decision affirming the prior denial of benefits. 20 C.F.R. § 725.310; Worrell, 27 F.3d at 230. Upon consideration of the claimant's request for modification, the ALJ properly considered all medical evidence of record, including the evidence submitted in support of the claimant's first claim, and new evidence accumulated since the time the first ALJ decision and order was issued. Further, the ALJ properly applied Part 718 to analyze this evidence, because all of Doan's claims were filed after March 31, 1980. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989).
 
 
 8
 To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). Substantial evidence supports the ALJ's conclusion that the x-ray evidence did not establish the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(1). Only three of nineteen x-ray readings were positive and a majority of the negative x-ray readings were by B-readers and board-certified radiologists.
 
 
 9
 Doan could not establish pneumoconiosis under § 718.202(a)(2), because there was no biopsy or autopsy evidence in the record. The presumption found in § 718.304 was not applicable to this claim, because there was no evidence of complicated pneumoconiosis. Doan could not take advantage of the § 718.305 presumption, because his claim was filed after January 1, 1982. The presumption in § 718.306 applies only to survivors' claims.
 
 
 10
 Under § 718.202(a)(4), a claimant may establish pneumoconiosis by a physician's reasoned medical judgment. Doan's request for modification was supported by five new medical reports from four physicians. Two of these physicians, Drs. Anderson and Baker, diagnosed pneumoconiosis based on x-ray evidence. Dr. Baker also opined that, because of his condition, Doan may have difficulty performing sustained manual labor on an 8-hour basis.
 
 
 11
 This court concludes that the ALJ erred by omitting from his decision and order any meaningful discussion of the medical opinions by Dr. Anderson, a pulmonary specialist, and Dr. Baker, an internist. These doctors' reports were based upon examinations conducted in March of 1992 that included x-rays, pulmonary function and blood gas studies, an EKG and physical examinations. In his decision and order denying Doan's request for modification, the ALJ did not discuss or weigh these reports, except to mention the normal pulmonary function and blood gas study results that were obtained during these exams. This error was not harmless, because the ALJ did not adequately explain the reasons for crediting certain testimony and medical opinions over this evidence in the record to deny the claim. Director, OWCP v. Congleton, 743 F.2d 428, 430 (6th Cir.1984).
 
 
 12
 The ALJ also omitted from his decision and order any meaningful discussion of whether the claimant could establish total disability due to pneumoconiosis. To be entitled to benefits, Doan must establish that he is totally disabled due to this disease. 20 C.F.R. § 718.204(c); Adams, 886 F.2d at 820. The ALJ made a final conclusory statement that the record supports neither the conclusion that the claimant has clinical pneumoconiosis, or that he has a totally disabling pulmonary condition. This statement is not sufficient to meet an ALJ's obligation, under the regulations and under the Act, of carefully considering each part of the evidence and weighing the evidence accordingly. 20 C.F.R. § 725.477(b); Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 13
 When an ALJ does not make the necessary factual findings, it is the Board's responsibility to remand a case to the ALJ rather than attempting to fill in omissions in the ALJ's decision and order. Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). In this case, the Board eluded its responsibility to remand the case by affirming the ALJ's decision on the basis that the petitioner had not identified any specific factual or legal error in the ALJ's decision and order. The Board's procedural rules impose certain threshold requirements for alleging specific error before the Board will consider the merits of the appeal. 20 C.F.R. § 802.211(b); Cox v. Benefits Review Bd., 791 F.2d 445, 446-47 (6th Cir.1986). However, the Board's decision was based on an improper application of Cox, because the claimant's petition before the Board complied with the standard for specificity set forth in § 802.211(b).
 
 
 14
 Accordingly, the petitioner's motion for in forma pauperis status is granted for purposes of resolving this appeal, the petition for review is granted, the Board's decision is vacated, and the case is remanded to the Board with the direction to remand to an ALJ for further consideration of the medical evidence submitted in support of Doan's request for reconsideration. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation