103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billie Jean ADAMS, on Behalf of Bernard ADAMS, deceased, Petitioner,
v.
BLUE DIAMOND COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 96-3700.
 United States Court of Appeals, Sixth Circuit.
 Dec. 09, 1996.
 
 Ben.Rev.Bd., No. 96-0155 BLA.
 Ben.Rev.Bd.
 REVIEW DENIED.
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Billie Jean Adams, on behalf of her deceased husband, petitions for review of the Benefits Review Board's decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The miner, Bernard Adams, initially filed a claim with the Social Security Administration on June 27, 1973. That claim was finally denied on October 2, 1980. The miner then filed a claim with the Department of Labor (DOL) on September 18, 1987, and that claim was denied in 1988, and in 1989. The claim was then forwarded to an administrative law judge (ALJ), who found a material change in condition under 20 C.F.R. § 725.309, but concluded that Adams was not entitled to benefits under Part 718 of the regulations. Eventually, the ALJ's decision to deny benefits was affirmed by the Board as supported by substantial evidence.
 
 
 3
 The petitioner's husband died when his claim was pending before the Benefits Review Board (Board) and Mrs. Adams is now pursuing his appeal. 42 U.S.C. § 404(d); 20 C.F.R. § 725.545(c); Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 249 (6th Cir.1995). Mrs. Adams argues that the agency did not fairly consider x-ray readings by Drs. Penman and Clarke, or consider the qualifying blood gas studies of record. She also states that she could not afford to obtain the sufficient number of doctors' opinions or x-ray readings to refute the evidence presented by the coal company in this case.
 
 
 4
 The Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994).
 
 
 5
 The only issue to be reviewed is whether Adams could establish pneumoconiosis under § 718.202(a)(1). The claimant has not preserved any additional issues for this court's review. See Cox v. Benefits Review Bd., 791 F.2d 445, 447 (6th Cir.1986) (per curiam).
 
 
 6
 The ALJ properly applied 20 C.F.R. § 725.309 to conclude that Adams's most recent claim was a "duplicate" claim. The ALJ followed this court's directive in considering all of the new evidence obtained after the previous denial to determine that, looking only at the new evidence, Adams had proven at least one of the elements of entitlement (the existence of pneumoconiosis) that had previously been adjudicated against him. Sharondale Corp. v. Ross, 42 F.3d 993, 997-98 (6th Cir.1994). However, after analyzing all of the record evidence, in accordance with this court's holding in Sharondale, the ALJ properly concluded that the entirety of the evidence still did not support entitlement.
 
 
 7
 Because Adams filed his duplicate claim after March 31, 1980, the ALJ properly applied Part 718 to analyze the claim. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 8
 The ALJ made a qualitative evaluation of the readings, considering the qualifications of the readers, as well as a quantitative evaluation, before concluding that the x-ray evidence did not support a finding of pneumoconiosis. Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). Substantial evidence supports the ALJ's determination that this evidence did not establish pneumoconiosis under § 718.202(a)(1).
 
 
 9
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.