*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0065p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CROCKETT COLLERIES, INC. and THE HARTFORD
ACCIDENT AND INDEMNITY COMPANY,

*Petitioners,*

*v.*

No. 05-4188

JAMES BLEVINS BARRETT and DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

*Respondents.*

On Petition for Review of a Decision of the
Benefits Review Board, United States Department of Labor.
No. 05-0287 BLA.

Submitted: July 25, 2006

Decided and Filed: February 16, 2007

Before: GIBBONS and ROGERS, Circuit Judges; HOLSCHUH, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Thomas C. Donkin, CLARK & WARD PLLC, Lexington, Kentucky, for Petitioners. Joseph E. Wolfe, WOLFE, WILLIAMS & RUTHERFORD, Norton, Virginia, Helen Cox, Patricia Nece, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

HOLSCHUH, D. J., delivered the opinion of the court, in which GIBBONS, J., joined. ROGERS, J. (pp. 8-9), delivered a separate concurring opinion.

---

## OPINION

---

JOHN D. HOLSCHUH, District Judge. Petitioners Crockett Colleries, Inc. and The Hartford Accident and Indemnity Company (hereafter "Crockett") appeal the decision of the Benefits Review Board of the United States Department of Labor ("BRB") affirming an award of black lung benefits to Respondent James Barrett. The BRB found that Crockett's petition for review failed to comply

---

[*] The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

with the requirements set forth in 20 C.F.R. § 802.211(b). It therefore refused to review the merits of Crockett's petition and summarily affirmed the decision of the Administrative Law Judge ("ALJ"). On appeal, Crockett seeks an order requiring the BRB to review the ALJ's decision or, in the alternative, an order reversing the award of benefits. We conclude that the BRB erred in finding that Crockett's petition was insufficient to trigger review. We nevertheless affirm the award of benefits because the ALJ correctly applied the law and his factual findings were supported by substantial evidence.

## I.

James Barrett, who worked in a coal mine for twenty-five years, suffers from a variety of respiratory ailments. In 1991, he filed an application for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* That first application was denied. He stopped working in the coal mines in 1995. He filed a second application for black lung benefits in 2000. The Office of Workers' Compensation Programs preliminarily awarded benefits. At Crockett's request, the Department of Labor referred the matter to an ALJ for a formal hearing. The ALJ held a hearing on January 28, 2002, and issued an order denying Barrett's application for black lung benefits on April 25, 2002.

In denying the application, the ALJ relied heavily on Dr. A. Dahhan's report. Dahhan had concluded that there was "insufficient objective data to justify the diagnosis of coal workers' pneumoconiosis." J.A. at 130. Twelve of thirteen readings of x-rays were negative for pneumoconiosis. Dahhan opined that Barrett's respiratory problems resulted not from coal dust exposure but from cigarette smoking. Dahhan also concluded that Barrett was not totally disabled. The ALJ rejected the conflicting opinion of Dr. Glen Baker, who had concluded that Barrett had pneumoconiosis due to coal dust exposure and was totally disabled as a result. Baker stated that Barrett's problems "could all be due to cigarette smoking or could be due to a combination of cigarette smoking and coal dust exposure." He noted that coal dust exposure can cause the types of problems suffered by Barrett. He also stated that Barrett's significant history of exposure to coal dust "probably contributes to some extent in an undefineable proportion to his pulmonary complaints." J.A. at 84.

Barrett wrote a letter to the BRB requesting a review of the ALJ's decision and order. The BRB construed the letter as a *pro se* appeal. On May 13, 2003, the BRB issued a decision vacating the ALJ's order and remanding the case for additional findings. On remand, in a decision and order issued November 15, 2004, the ALJ found that Barrett was, in fact, entitled to black lung benefits. This time, in reliance on Dr. Baker's "well reasoned and well documented" opinion, the ALJ concluded that Barrett had legal pneumoconiosis due to coal mine employment and was totally disabled as a result.

Crockett filed a petition for review with the BRB. The BRB, however, held that it had no basis on which to review the ALJ's decision because Crockett had failed to comply with the federal regulation set forth in 20 C.F.R. § 802.211(b) requiring Crockett to brief with specificity the alleged errors in the ALJ's decision. The BRB therefore affirmed the ALJ's decision without reaching the merits of Crockett's petition for review.

Crockett has now appealed the BRB's order, arguing that the BRB erred in finding that Crockett's petition was insufficient to trigger review. Crockett seeks an order requiring the BRB to review the ALJ's award of benefits or, in the alternative, an order reversing the award of benefits. Barrett and the Director of the Office of Workers' Compensation Programs of the Department of Labor maintain that the BRB properly refused to review the merits of the case. In the alternative, they argue that we should affirm the ALJ's decision because it was supported by substantial evidence.

**II.**

In reviewing an ALJ's decision and order, the BRB is authorized to "hear and determine appeals raising a substantial question of law or fact." 33 U.S.C. § 921(b)(3). The ALJ's findings of fact are conclusive "if supported by substantial evidence in the record considered as a whole." *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ramey v. Kentland Elkhorn Coal Corp.*, 755 F.2d 485, 488 (6th Cir. 1985) (internal quotation omitted).

In reviewing a decision of the BRB, our task "is limited to correcting errors of law and ensuring that the Board adhered to the substantial evidence standard in its review of the ALJ's factual findings." *Creek Coal Co., Inc. v. Bates*, 134 F.3d 734, 737 (6th Cir. 1997). The BRB's legal conclusions are reviewed de novo. *Id.*

**III.**

Crockett first challenges the BRB's determination that Crockett's petition for review failed to comply with the requirements set forth in 20 C.F.R. § 802.211(b). That regulation provides, in pertinent part:

> Each petition for review shall be accompanied by a supporting brief, memorandum of law or other statement which: Specifically states the issues to be considered by the Board; presents, with appropriate headings, an argument with respect to each issue presented with references to transcripts, pieces of evidence and other parts of the record to which the petitioner wishes the Board to refer; a short conclusion stating the precise result the petitioner seeks on each issue and any authorities upon which the petition relies to support such proposed result.

In *Sarf v. Director, OWCP*, 10 B.L.R. 1-119, 1-120 (1987), the BRB held that a party challenging an ALJ's decision must do more than merely recite evidence favorable to his case; he must also say why the ALJ's decision was wrong.

The BRB found that Crockett had failed to adequately brief with specificity the errors allegedly made by the ALJ. It held as follows:

> In challenging the above findings, employer contends generally that the evidence of record is not sufficient to establish entitlement to benefits. However, the Board is not authorized to undertake a de novo adjudication of the claim. To do so would upset the carefully allocated division of authority between the administrative law judge as trier-of-fact, and the Board as a reviewing tribunal. *See* 20 C.F.R. § 802.301(a); *Sarf v. Director, OWCP*, 10 BLR 1-119, 1-120-21 (1987); *Cox v. Benefits Review Board*, 791 F.2d 445, 446-47, 9 BLR 2-46, 2-47-48 (6th Cir. 1986); *Fish v. Director, OWCP*, 6 BLR 1-107, 1-109 (1983). As we have emphasized previously, the Board's circumscribed scope of review requires that a party challenging the Decision and Order below address that Decision and Order with specificity and demonstrate that substantial evidence does not support the result reached or that the Decision and Order is contrary to law. *See* 20 C.F.R. § 802.211(b); *Sarf*, 10 BLR at 1-120; *Cox*, 791 F.2d at 446, 9 BLR at 2-47; *Slinker v. Peabody Coal Co.*, 6 BLR 1-465, 1-466 (1983); *Fish*, 6 BLR at 1-

109.  A petitioner who fails to comply with the requisite regulations provides the Board with no basis to reach the merits of an appeal.  *Id.*

In this case, the employer generally asserts that the administrative law judge erred in the weight he accorded Dr. Baker's opinion.  Employer's Brief at 4-7.  Employer, however, fails to adequately brief with specificity any error made by the administrative law judge in his evaluation of the evidence or in his application of the law pursuant to 20 C.F.R. Part 718.  Thus, as employer has failed to adequately raise or brief any issues arising from the administrative law judge's award of benefits, the Board has no basis upon which to review the decision.  Thus, we decline to review the Decision and Order of the administrative law judge and we affirm the administrative law judge's award of benefits.  *See Sarf*, 10 BLR at 1-121.

J.A. at 229-30 (footnote omitted).

On appeal, Crockett maintains that the arguments presented in its petition for review were no less concise than the arguments presented by Barrett in his earlier appeal.  According to Crockett, the BRB unfairly applied different standards of review to the two petitions.  Any difference in treatment by the BRB, however, is attributable solely to the fact that Crockett was represented by counsel and Barrett was not.  Federal regulations provide that when a party is unrepresented by counsel, the requirements set forth in 20 C.F.R. § 802.211(b) may be waived by the BRB.  *See* 20 C.F.R. § 802.211(e) ("When a party appears *pro se* the Board may, in its discretion, waive formal compliance with the requirements of this section and may, depending upon the particular circumstances, prescribe an alternate method of furnishing such information as may be necessary for the Board to decide the merits of any such appeal.").  Because Crockett was represented by counsel when it filed its petition, it was subject to the requirements of 20 C.F.R. § 802.211(b).  Therefore, the question is not whether the BRB unfairly applied a double standard, but whether the BRB erred in concluding that Crockett failed "to adequately brief with specificity any error made by the administrative law judge in his evaluation of the evidence or in his application of the law." J.A. at 230.[1]

In its petition for review, Crockett argued that the ALJ's conclusion that Barrett has pneumoconiosis is not supported by substantial evidence and should be overturned.  Crockett noted that the ALJ, citing *Cornett v. Benham Coal Company, Inc.*, 227 F.3d 569 (6th Cir. 2000), pointed out that it is sufficient for a doctor to opine that a claimant's respiratory ailment is "significantly related to, or substantially aggravated by, dust exposure in coal mine employment."  Crockett pointed out, however, that in *Cornett*, although neither doctor eliminated smoking as a cause of Cornett's disease, both doctors "were unequivocal that coal dust exposure aggravated Cornett's pulmonary problems; thus supporting the existence of legal pneumoconiosis." *Id.* at 576.  Crockett noted that, in contrast, on page 10 of his decision and order, the ALJ acknowledged that Dr. Baker's opinion was "not wholly unequivocal, but does present evidence that the respiratory impairments could be caused by coal dust."  Citing *Justice v. Island Creek Coal Co.*, 11 B.L.R. 1-91 (1988), Crockett argued that "[a]n equivocal opinion regarding etiology is entitled to less probative weight."

---

[1] Even though the petition for review that Crockett submitted to the BRB lies at the heart of this appeal, it was not included as part of the Joint Appendix, although portions of it were quoted in Crockett's brief.  Federal Rule of Appellate Procedure 16(a)(3) provides that "the pleadings, evidence, and other parts of the proceedings before the agency" are included as part of the record on review.  Pursuant to Federal Rule of Appellate Procedure 17(b)(3), we were able to obtain a copy of Crockett's petition from the BRB.

(Pets.' Brief at 5). Crockett therefore maintained that Baker's opinion was insufficient to support a finding of pneumoconiosis.

Crockett next challenged the ALJ's evaluation of the evidence concerning whether Barrett was totally disabled. At issue was whether a physician, exercising reasoned medical judgment based on medically accepted clinical and laboratory diagnostic techniques, had concluded that Barrett's pneumoconiosis prevented him from engaging in coal mining or other comparable work. The ALJ relied on Dr. Baker's report, finding it well-reasoned and well-documented. In its petition for review, Crockett argued that it was inconsistent for the ALJ to find that Baker's report, which relied on $FEV_1$ results and arterial blood gas studies, supported a finding of total disability when the ALJ had previously held that the same arterial blood gas studies did not support a finding of total disability. Crockett also argued that the ALJ erred in finding that Dr. Dahhan's opinion concerning Barrett's respiratory capacity was not well-reasoned.

We find that Crockett's petition was sufficient to trigger review, and that the BRB erred in finding to the contrary. The petition specifically argues that the ALJ erred in his application of the law and his evaluation of the evidence. Crockett maintained that because Dr. Baker's opinion was "not wholly unequivocal" with respect to causation, this case is distinguishable from *Cornett* and the ALJ erred in relying on Baker's opinion to support a finding of legal pneumoconiosis. Crockett's petition also specifically challenges the ALJ's evaluation and interpretation of the medical reports of Dr. Baker and Dr. Dahhan concerning whether Barrett is totally disabled as a result of his coal mine employment. As required, the petition cites to specific portions of the ALJ's decision and order, and sets forth the basis for Crockett's belief that the ALJ's factual findings are not supported by substantial evidence. For these reasons, we find that the BRB erred in finding that the petition for review "fails to adequately brief with specificity any error made by the administrative law judge in his evaluation of the evidence or in his application of the law." J.A. at 230.

## IV.

If we agreed with the BRB that Crockett's petition failed to comply with the procedural requirements of 20 C.F.R. § 802.211(b), we would have no authority to review the merits of the ALJ's decision. *See Cox v. Benefits Review Board*, 791 F.2d 445, 446-47 (6th Cir. 1986). However, since we find that Crockett's petition was, in fact, sufficient to trigger review, we may proceed on appeal to review the merits of that petition. *See Eversole v. Shamrock Coal Co., Inc.*, No. 93-3527, 1994 WL 376895 (6th Cir. July 18, 1994) (holding that the BRB erred in refusing to review the petition, but affirming the ALJ's decision because it was supported by substantial evidence); *Doan v. Jericol Mining, Inc.*, No. 95-4045, 1996 WL 189263 (6th Cir. April 18, 1996) (same).

"When the question before this court is whether the ALJ reached the correct result after weighing conflicting medical evidence, 'our scope of review . . . is exceedingly narrow. Absent an error of law, findings of facts and conclusions flowing therefrom [sic] must be affirmed if supported by substantial evidence.'" *Knuckles v. Director, OWCP*, 869 F.2d 996, 997 (6th Cir. 1989) (quoting *Riley v. National Mines Corp.*, 852 F.2d 197, 198 (6th Cir. 1988)). Moreover, when medical testimony conflicts, the question "'of whether a physician's report is sufficiently documented and reasoned is a credibility matter left to the trier of fact.'" *Tennessee Consol. Coal Co. v. Crisp*, 866 F.2d 179, 185 (6th Cir. 1989) (quoting *Moseley v. Peabody Coal Co.*, 769 F.2d 357, 360 (6th Cir. 1985)). The ALJ must, however, adequately explain the reasons for his decision. *See Director, OWCP v. Congleton*, 743 F.2d 428, 430 (6th Cir. 1984).

In this case, the ALJ found that Barrett was entitled to black lung benefits because Barrett had established that: (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his employment in the coal mines; and (3) he is totally disabled as a result. 20 C.F.R. §§ 718.202,

718.203, 718.204. In making this determination, the ALJ had to determine which of the two conflicting medical reports was better reasoned. Dr. Baker opined that Barrett had met all of the requirements; Dr. Dahhan opined that Barrett had met none of the requirements. The ALJ initially denied Barrett's application, finding that Dr. Dahhan's opinion was better reasoned. On remand, however, the ALJ rejected Dr. Dahhan's opinion in favor of Dr. Baker's. While Crockett may be dismayed by the apparent reversal in course, this does not provide any basis for overturning the ALJ's award of benefits. We find that the ALJ's conclusion, that Barrett suffers from pneumoconiosis due to coal mine employment and is totally disabled as a result, is in accordance with the law and is supported by substantial evidence. It must, therefore, be affirmed.

The ALJ found that Barrett had established the existence of legal pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(4). Legal pneumoconiosis includes respiratory and pulmonary impairments significantly related to, or substantially aggravated by, coal dust exposure. *See* 20 C.F.R. §§ 718.201(a)(2) and 718.201(b). A claimant may establish the existence of legal pneumoconiosis "if a physician, exercising sound medical judgment, notwithstanding a negative X-ray, finds that the miner suffers or suffered from pneumoconiosis as defined in § 718.201. Any such finding shall be based on objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function studies, physical performance tests, physical examination, and medical and work histories. Such a finding shall be supported by a reasoned medical opinion." 20 C.F.R. § 718.202(a)(4).

Dr. Dahhan and Dr. Baker agree that Barrett suffers from some degree of respiratory or pulmonary impairment. The question in dispute is whether that impairment is caused by cigarette smoking, coal dust exposure, or both. The ALJ noted that because of Barrett's long-time coal mine employment, Barrett was entitled to a presumption that his pneumoconiosis was caused by coal dust exposure. *See* 20 C.F.R. § 718.203(b) ("If a miner who is suffering or suffered from pneumoconiosis was employed for ten years or more in one or more coal mines, there shall be a rebuttable presumption that the pneumoconiosis arose out of such employment.").

The ALJ found that this presumption had not been rebutted. He also relied on Dr. Baker's report. Baker first stated that Barrett's moderate obstructive defect "could all be due to cigarette smoking or could be due to a combination of cigarette smoking and coal dust exposure." He nevertheless concluded that the coal dust exposure "probably contributes to some extent in an undefinable proportion" to Barrett's pulmonary problems. The ALJ acknowledged that Baker's opinion with respect to causation was "not wholly unequivocal." The ALJ nevertheless found that any equivocality appeared "to relate to the *extent* to which coal dust exposure contributed rather than whether coal dust contributed to Claimant's respiratory impairments." J.A. at 216 (emphasis in original).

In rejecting Dr. Dahhan's opinion, the ALJ found that Dahhan had not adequately explained why Barrett's responsiveness to treatment with bronchodilators necessarily eliminated a finding of legal pneumoconiosis, and had not adequately explained "why he believes that coal dust exposure did not exacerbate [Barrett's] allegedly smoking-related impairments." J.A. at 217. In short, the ALJ clearly articulated his reasons for crediting Baker's opinion over Dahhan's, and substantial evidence supports the ALJ's finding that Barrett has legal pneumoconiosis due to coal mine employment.

Substantial evidence also supports the ALJ's finding that Barrett is totally disabled as a result of the pneumoconiosis. Total disability may be proved in one of four ways: (1) qualifying pulmonary function tests; (2) qualifying arterial blood-gas tests; (3) *cor pulmonale* with right-sided congestive heart failure; or (4) a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that the respiratory

or pulmonary condition prevents the miner from engaging in his usual employment or comparable employment.  20 C.F.R. § 718.204(b)(2).

The ALJ noted that four pulmonary function studies were included in the record.  Although three of the four produced qualifying results, the ALJ found that one of those three tests was invalid.  Nevertheless, because two of the conforming studies produced qualifying results, the ALJ concluded that the totality of the pulmonary function evidence supported a finding of total disability.  These pulmonary function studies, standing alone, would have been sufficient to support a finding of total disability.  *See* 20 C.F.R. § 718.204(b)(2)(i).  Nevertheless, the ALJ also found that Barrett could establish total disability based on Dr. Baker's reasoned medical judgment.  *See* 20 C.F.R. § 718.204(b)(2)(iv).

Baker concluded that Barrett suffers a moderate impairment and lacks the respiratory capacity to perform the work of a coal miner or comparable work in a dust-free environment.  J.A. at 120.  The ALJ noted that Baker's opinion was based not only on the March 28, 2000 pulmonary function test, which was determined to be invalid, but also on a subsequent pulmonary function test that did produce qualifying results and on arterial blood gas studies which indicated that Barrett had "mild resting arterial hypoxemia."  J.A. at 222.  The ALJ concluded that, "[w]hile the weight of the valid and conforming pulmonary function tests alone constitutes probative evidence of total disability, when combined with the arterial blood gases, which provide no evidence of total disability, and the medical opinions, which weigh in favor of a finding of total disability, the weight of the evidence directs a finding of total disability."  J.A. at 223.  In rejecting Dr. Dahhan's opinion to the contrary, the ALJ noted that Dahhan did not reach a clear, medical conclusion concerning Barrett's respiratory capacity and failed to compare Barrett's "exertional requirements with his respiratory capacity in order to reach his conclusion that he possessed the capacity to return to coal mine employment."  J.A. at 222.  Finally, the ALJ noted that Barrett was entitled to a rebuttable presumption that his total disability was caused by coal mine employment.

To summarize, we find that the ALJ correctly applied the law, and that his factual findings are supported by substantial evidence.  He adequately explained his reasons for rejecting Dr. Dahhan's medical report and explained why he found Dr. Baker's report to be well-reasoned.  We therefore affirm the award of black lung benefits to Barrett.

---

**CONCURRENCE**

---

ROGERS, Circuit Judge, concurring.  I concur fully in the majority opinion.  I write separately to explain why this court is permitted to affirm rulings of the Benefits Review Board (BRB) on grounds other than those relied on by the BRB, rather than remand erroneous rulings to the Board as would be required in the case of ordinary appellate review of agency decisions.  Such a course appears on the surface to conflict with the time-honored administrative law principle that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943).  Because the BRB's rulings are formally administrative orders, it would appear that the *Chenery* principle requires that we remand erroneous decisions to the BRB even if alternative legal grounds exist to support the Board's decision.  Indeed, the Fourth Circuit so held in *Island Creek Coal Co. v. Henline*, 456 F.3d 421, 426 (4th Cir. 2006) ("Affirming the Board's [decision] on an alternative ground not actually relied upon by the Board is prohibited under the *Chenery* doctrine").

The *Chenery* principle does not apply in this case, however, because the narrow, quasi-judicial function of the BRB distinguishes BRB orders from the ordinary instance of agency decision making.

The BRB exercises the appellate review authority formerly exercised by the United States District Courts.  *See* House Report No. 92-1441, 1972 U.S.C.C.A.N. 4698, 4709.  Thus, in the current scheme, Black Lung claims are first heard and decided by an ALJ.  Then the ALJ's determination may be appealed to the BRB.  When the BRB reviews the ALJ's determination, the Board's review is narrowly defined by 33 U.S.C. § 921(b)(3), which provides that "findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole."  After the BRB issues a final order an aggrieved party may appeal the BRB's order to this court.  This court then reviews the ALJ's factual conclusion for substantial evidence and legal determinations de novo. *York v. Benefits Review Board*, 819 F.2d 134, 136 (6th Cir. 1987). Our court has recognized this to mean that, "in effect, [] the standards of review for the Benefits Review Board and this Court are the same." *Welch v. Benefits Review Bd.*, 808 F.2d 443, 445 (6th Cir. 1986).

In this context, the ordinary *Chenery* concerns melt away.  The *Chenery* doctrine rests on the understanding that agency orders involve "a determination of policy or judgment which the agency alone is authorized to make." *Chenery*, 318 U.S. at 88.  But, the BRB functions exclusively as a "quasi-judicial," rather than as a policy making, body.  20 C.F.R. § 801.103; *see also Norfolk & Western Ry. Co. v. Roberson*, 918 F.2d 1144, 1147 (4th Cir. 1990) ("[T]he Board's interpretation standing alone is not entitled to special judicial deference").  Accordingly, the BRB does not possess any unique authority to make the kinds of judgments it is authorized to make; rather, when reviewing the BRB's orders, the courts of appeals are called upon to do exactly the same thing (and the only thing) that the BRB is empowered to do, namely determine whether the underlying ALJ's decision is supported by substantial evidence.

In this scheme the BRB functions just like the district courts it replaced.  It is, therefore, appropriate that courts of appeals should treat review of the Board's decisions like our review of legal decisions from the district courts, rather than like the ordinary review of agency determinations. The Supreme Court in *Chenery* observed that it would be "wasteful" to send a case back to a district court "to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court

to formulate." *Chenery*, 318 U.S. at 88. Because the BRB functions like a district court reviewing agency decisions for substantial evidence rather than like the typical administrative agency empowered to exercise independent administrative judgment, it would be similarly wasteful and unnecessary for this court to remand a case to the BRB when it is apparent that alternative legal grounds exist to support the Board's order.

Other circuits have similarly affirmed the BRB on alternate grounds. *United Brands Co. v. Melson*, 594 F.2d 1068, 1072 n.10 (5th Cir. 1979) (overruled on other grounds) ("When the Board's order can be affirmed on a question of law, we think we are fully empowered to do so"); *Todd Shipyards Corp. v. Director*, 848 F.2d 125, 127 n.3 (9th Cir. 1988) ("When the Board's Order can be affirmed on a question of law, we are fully empowered to do so, even though the Board relied on a different ground or principle"); *Lauderdale v. Director*, 940 F.2d 618, 622 (11th Cir. 1991) ("We can affirm a decision of the Board for a legal reason not advanced by the Board").