**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0399n.06

No. 11-3964

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

*Apr 22, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HARLAN-CUMBERLAND COAL COMPANY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | PETITION FOR REVIEW OF A DECISION AND ORDER OF |
| FRANKLIN FARMER; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES, | ) ) ) ) | THE BENEFITS REVIEW BOARD |
| Respondents. | ) ) | |

BEFORE: GIBBONS and WHITE, Circuit Judges; COHN, District Judge.*

PER CURIAM. Harlan-Cumberland Coal Company petitions for review of a decision and order of the Benefits Review Board affirming an administrative law judge's award of benefits to Franklin Farmer under the Black Lung Benefits Act.

In September 2007, Farmer, a former Kentucky coal miner, filed a claim for benefits under the Black Lung Benefits Act. The district director issued a proposed decision and order awarding benefits. Following Harlan-Cumberland's request for a formal hearing, an administrative law judge ("ALJ") conducted a hearing and awarded benefits. The Benefits Review Board affirmed the ALJ's decision.

---

*The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Harlan-Cumberland now asserts four claims of error: (1) the ALJ erred by disregarding as unreasoned the medical opinion of Dr. Abdul Dahhan that Farmer's impairments were not caused by inhalation of coal dust; (2) the ALJ erred by failing to give additional weight to Dr. Dahhan's opinion on the basis that he was Farmer's treating physician; (3) the ALJ erred by crediting the opinion of Dr. Donald Rasmussen that Farmer's impairments were caused in part by his exposure to coal dust because Dr. Rasmussen failed to assert that his conclusions were "within a reasonable degree of medical certainty"; and (4) the Patient Protection and Affordable Care Act, which provides a presumption that certain miners are totally disabled due to pneumoconiosis, is unconstitutional for the reasons stated in *Florida v. United States Department of Health & Human Services*, 648 F.3d 1235 (11th Cir. 2011), and the provisions setting forth the presumption are not severable from the remainder of the Act.

When reviewing a decision of the Benefits Review Board, we consider whether the Board correctly concluded that substantial evidence supported the ALJ's decision. *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 n.9 (6th Cir. 2003). "Substantial evidence is defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 483 (6th Cir. 2012) (quotation marks omitted). "A decision that rests within the realm of rationality is supported by substantial evidence." *Id.* (internal alterations and quotation marks omitted). "We review the Board's legal conclusions de novo." *Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 477 (6th Cir. 2011).

Substantial evidence supported the ALJ's decision to afford little weight to the opinion of Dr. Dahhan and to credit the opinion of Dr. Rasmussen. The ALJ rationally determined that Dr.

Dahhan failed to set forth a basis for his conclusion that Farmer's inhalation of coal dust did not contribute to his impairments and that the impairments were caused solely by his obesity, sleep apnea, and diaphragmatic abnormality. *See Crockett Colleries, Inc. v. Barrett*, 478 F.3d 350, 356 (6th Cir. 2007). Further, the ALJ was not required to afford more probative weight to Dr. Dahhan's medical opinion on the basis that he was Farmer's treating physician. *See Eastover Mining Co.*, 338 F.3d at 509-13. In addition, the ALJ reasonably relied on Dr. Rasmussen's opinion that inhalation of coal dust was "clearly a major contributing factor to [Farmer's] disabling lung disease." Despite Harlan-Cumberland's argument to the contrary, the ALJ was not required to disregard or discount Dr. Rasmussen's opinion on the basis that he failed to explicitly state that it was "within a reasonable degree of medical certainty."

Finally, Harlan-Cumberland's argument that the Affordable Care Act is unconstitutional has been foreclosed by the Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012).

Accordingly, we deny Harlan-Cumberland's petition for review.